## CROOK v. ZORN. *
### No. 8919.
Circuit Court of Appeals, Fifth Circuit.
Jan. 4, 1939.

William M. Crook, of Beaumont, Tex., for appellant.

Lamar Cecil and Chas. F. Heidrick, both of Beaumont, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the district court, in bankruptcy, affirming an order of the referee denying appellant's claim for the full rental value of the premises occupied by the bankrupt prior to adjudication, and used by appellee for the storage of certain fixtures belonging to the estate. The claim of appellant for contract rental and lien therefor was disposed of by this court in the case of Crook v. Zorn, 5 Cir., 95 F.2d 782. The fixtures in question were actually sold for $750. The rental value claimed by appellant was $750 per month, and that actually proved was $900 per month. Thus, if the validity of appellant's claim should be sustained, its allowance would be for $2625 for the storage of the fixtures valued as above indicated.

The period covered by the claim here involved began on February 15, 1937, the date on which it was found that the rental contract was effectively terminated. The period involved elapsed while the former case was pending on review in the district court and on appeal to this court. Appellant insisted that the lease agreement continued, notwithstanding the notice to terminate given on January 15th, and that he was entitled to a lien upon the fixtures to secure payment of rent. The stock of merchandise was sold prior to the termination of the lease, and the fixtures were moved to, and occupied only a portion of, the building. Appellee made repeated offers to surrender the premises and to put appellant in possession, all of which were refused without explanation, but which appellant now attempts to justify on the ground that appellee had not vacated the premises and could not have done so immediately. We have no reason to think that appellee's tenders of immediate possession were not made in good faith. In

fact, as soon as another tenant was secured, possession was obtained without delay. Upon the facts in evidence, the trustee was not liable for the full rental value of the premises.

There being no express contract of rental, and no claim that the relationship of landlord and tenant existed, the rights of the parties are fixed by law. Section 62 of the Bankruptcy Act, 11 U.S.C.A. § 102, provides for payment from the estate of the actual and necessary expenses incurred, when approved by the court; and appellant was charged with notice that any payment which he might receive by reason of the fixtures remaining on the premises would be such as should be allowed by the court as an actual and necessary expense of administration of the estate. Necessary expense in this connection is the cost of preserving the property. The full rental value of the entire building would have very little weight in determining the amount of this necessary expense, and there was no evidence before the court below upon which to base a finding as to a reasonable storage charge. There being no claim for storage and no evidence tending to prove what amount would be fair and reasonable in the circumstances, the court did not err in denying the rental claim entirely.

Without approving or disapproving the holdings of the Seventh Circuit, in Re Chakos, 24 F.2d 482, and Re Millard's, Inc., 41 F.2d 498, we do not think these cases are in point. From all that appears in the reported decisions, the premises involved in those cases were fully occupied by the bankruptcy courts, and the owners were excluded from possession over their demands for the return of the property. If the officers declined to surrender any part of the premises, and continued to occupy and use all of the space, it is reasonable to assume that such occupancy was necessary, and the reasonable value thereof is a necessary expense. No such case is presented here. Whatever the exigencies of those cases, it is evident here that the full rental value of the property involved for the storage of fixtures in a part of the building was not a necessary expense.

We think the order of the district court should be affirmed and appellant assessed with all costs, but the affirmance should be without prejudice to appellant to claim a reasonable amount for storage of the fixtures. It is so ordered.

Affirmed.