**120 WALL ASSOCIATES, Petitioner, Appellant-Appellee,**

v.

**Edward SCHILLING, Trustee, Appellee-Appellant.**

No. 218, Docket 25383.

United States Court of Appeals Second Circuit.

Argued April 14, 1959.

Decided May 14, 1959.

Goodman & Mabel, New York City, for petitioner, appellant-appellee, Michael M. Kirsch, New York City, of counsel.

Bergerman & Hourwich, New York City, for trustee, appellee-appellant, Milton M. Bergerman and William Baronoff, New York City, of counsel.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

SWAN, Circuit Judge.

This litigation involves disputes arising in a bankruptcy reorganization as to the amounts payable by the trustee for use and occupancy of part of the space leased by the petitioner to the debtor in an office building. The leased premises were the whole of the 27th floor and part of the 2nd floor. The term ran from January 1, 1956 to April 30, 1960 and rent was payable in advance in monthly instalments. On May 13, 1958 the lessee, then in arrears with respect to May 1st instalment of rent, vacated the 27th floor except for a few pieces of furniture left there and notified the landlord that he had done so. The reorganization proceeding was commenced on May 23, 1958 by the filing of an involuntary petition. On June 19, 1958 the court approved the petition and Edward Schilling was appointed and duly qualified as trustee. On July 10, 1958 the trustee removed the furniture from the 27th floor. He disaffirmed the lease pursuant to an order entered July 31, 1958. Prior to such disaffirmance the lessor presented its petition for an order directing the trustee to pay for use and occupation of the leased premises from commencement of the reorganization proceeding on May 23, and for electric current supplied by the lessor after that date. By answer the trustee asserted that he was chargeable for use and occupancy of only the 2nd floor space and for that space only from July 1, 1958, since the June instalment of rent became due prior to his appointment. After a hearing at which evidence was taken, the District Judge held (1) that the debtor did not surrender to the landlord the 27th floor prior to May 23; (2) that the trustee was not liable for use and occupancy of the 27th floor; (3) that the trustee's liability for use and occupancy of the 2nd floor space runs from May 23; and (4) that the reasonable value of the use and occupancy of the 2nd floor space is $1450 per month exclusive of electric current supplied by the landlord. The trustee was ordered to make payment in accordance with the foregoing decision. The petitioner has appealed from that part

of the order which denies it reasonable rental for use by the debtor and the trustee of the 27th floor space. The trustee has appealed from that part of the order which charges him for occupancy of the 2nd floor space beginning May 23.

 Judge Bryan's well reasoned opinion is reported as In re North Atlantic & Gulf Steamship Company, D.C., 166 F.Supp. 29. The decision is correct and little need be added to the opinion. On petitioner's appeal it is argued that since the trustee must have a reasonable time in which to elect to adopt or to reject the lease, it is unfair to give the landlord compensation for this period only if the trustee takes physical possession of the premises. The point was discussed by Judge L. Hand in Palmer v. Palmer, 2 Cir., 104 F.2d 161, 163, certiorari denied 308 U.S. 590, 60 S.Ct. 120, 84 L.Ed. 494, and decided adversely to the landlord on the basis of authorities there cited.[1] Rejection of the lease gives the landlord a claim for breach of contract, as of the date the petition for reorganization was filed, which is provable under 11 U.S.C.A. § 602. Petitioner also contends that the debtor and the trustee made use of the 27th floor by leaving a few pieces of furniture there until July 10th. The facts and the law on this subject are correctly discussed in the opinion below. Moreover, if the landlord were entitled to any compensation it would only be for the rental value of the space used for storage of the furniture. No claim was made for storage and no evidence was presented as to the reasonable value of the premises as storage space. There was no error in denying the landlord's petition. See Crook v. Zorn, 5 Cir., 100 F.2d 792, 793.

 The trustee's appeal challenges so much of the order as holds that his liability for occupancy of the 2nd floor runs from commencement of the proceeding on May 23, rather than from the date of his appointment. He also claims that since the rent was payable in advance he should be chargeable only from July 1 or at most from June 1. While there are a few district court cases charging the estates, where rent is payable in advance, only from the first of the month after the petition was filed, dicta in this circuit support the decision that the estate is chargeable from commencement of the proceeding. See Oscar Heineman Corp. v. Nat Levy & Co., 2 Cir., 6 F.2d 970, 43 A.L.R. 727; Central Manhattan Properties v. D. A. Schulte, Inc., 2 Cir., 91 F.2d 728, 730; and 3 Collier (1956 Ed.) p. 1507. The court's computation as to the reasonable value of the occupancy of the 2nd floor space seems correct and does not appear to be now questioned by either appellant.

Order affirmed.

Where the trustee in bankruptcy, while determining whether to adopt or reject a lease of premises theretofore made to the debtor, has occupied only a part of the demised premises, he is liable only for the portion physically occupied * * * "

---

1. See also 6 Collier on Bankruptcy (14th Ed.) p. 697, note 72:

"But where a trustee does not occupy leased premises, no compensation is due the lessor for waiting a reasonable time for the trustee to determine whether to adopt or reject the lease. * * *