**S & W HOLDING COMPANY,**
Appellant,

v.

**Julius KURIANSKY, Trustee, Appellee.**

**In the Matter of W. L. BOFFA, INC.,**
**Bankrupt.**

**No. 288, Docket 27913.**

United States Court of Appeals
Second Circuit.

Argued March 13, 1963.

Decided May 21, 1963.

Abraham D. Slavitt and Harry M. Lessin of Slavitt & Connery, Norwalk, Conn., for appellant.

Before MOORE, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

The bankrupt, W. L. Boffa, Inc., occupied premises on the date of bankruptcy leased to it by S & W Holding Company. The lease provided for a ten year term from the effective date, February 1, 1955, at a rental of $650 per month. A deposit of $650 had also been required of the bankrupt "as security for the full and faithful performance and observance by the Lessee of all the terms, covenants and conditions herein contained, and to be returned to the Lessee within thirty (30) days after the expiration of the term herein, provided that the Lessee has fully performed and observed all of the said terms, covenants and conditions on its part to be performed and observed during the term of this lease." It was also "expressly agreed that the sum so deposited is not an advance payment of or on account of the rent herein reserved or any part or installment thereof, or a measure of the Lessor's damages * * *" [Lease p. 7]. The bankrupt filed a voluntary petition on February 9, 1960. At that time, the rent for February, due on February 1, had not been paid, although there was no other rent in arrears. It is conceded by all that the rent due for the portion of this month, $194.94, is properly chargeable against the security deposit which S & W now holds.

The trustee remained in possession of the leased premises for a period of three and two-thirds months during the administration of the estate and before surrendering possession to the lessor. At a hearing to determine the reasonable value of this use and occupancy, the only evidence presented was the testimony of the lessor's expert witness, who stated that the value was approximately $1,000 per month and S & W had in fact leased the property at this figure to another tenant in December, 1960. Nonetheless, the Referee determined the value to be $400 per month, a total of $1,466. He applied the remainder of the deposit, $455.06, to this amount, leaving as allowance for use and occupancy $1,010.94, payable as administration expense. The lessor objects to the amount of the allowance and contends additionally that it was error to apply the balance of the deposit to satisfaction of the claim for use and occupancy, arguing that it is entitled to keep this deposit under the lease. S & W also claimed damages for breach of the lease of $39,000—the entire amount of the future rent due—less reasonable rental for the balance of the term as might be determined, but withdrew this claim at the final hearing. No error is asserted concerning its disallowance.

There is merit in the objection to the allowance for use and occupancy. We can sympathize with the reluctance of the Referee to distribute the assets of the estate for administration expenses, when the dividend to general creditors amounted to only one and one-half cents on the dollar. Nonetheless, the general creditors are not to be advantaged at the expense of the lessor.

"The *quantum* of allowance for use and occupation by the receiver or trustee is measured by 'the reasonable value of such use and enjoyment.' Ordinarily this will be the contractual rental, *pro rata temporis*, unless it is shown that the contractual rental itself is clearly unreasonable. There is a presumption to the effect that the contractually reserved rent is reasonable." 3 Collier, Bankruptcy 1516 (14th ed. 1961).

This rule has long been followed in this circuit and others. Wiemeyer v. Koch. 152 F.2d 230 (8 Cir. 1945); Oscar Heineman Corp. v. Nat Levy & Co., 6 F.2d 970, 43 A.L.R. 727 (2 Cir. 1925); In re Sherwoods, Inc., 210 F. 754 (2 Cir. 1913); In re North Atlantic & Gulf S.S.

Co., 166 F.Supp. 29 (S.D.N.Y. 1958), aff'd sub nom. 120 Wall Associates v. Schilling, 266 F.2d 548 (2 Cir. 1959). S & W attempted to show that the contractual rent was unreasonably low, and there was absolutely no evidence to show that the rent was a reasonable figure, or that it was, on the contrary, too high. Thus, there was no warrant for setting the allowance for use and occupancy below the rental figure, and it might justifiably be higher. We therefore reverse and remand for a determination of what amount—either the contractual rental or some higher figure—will constitute a reasonable allowance.

■ The security deposit has no legal relation to the allowance for use and occupancy. This allowance is an expense of administration of the estate, given priority by § 64(a) (1) of the Bankruptcy Act, 11 U.S.C. § 104(a) (1). It does not arise out of the lease and has no relation to it. Of course, where the lessor has no other claim against the debtor, it may often be simpler to allow him to apply the deposit against his claim for use and occupancy, with the trustee paying any balance of use and occupancy or recovering any surplus of the deposit as the case may be, rather than to require the lessor to return the deposit and the trustee to pay him the full allowance. See In re Morrison-Barnhard Motors, Inc., 142 F.Supp. 845 (N.D.Ohio 1956). But this short cut may be confusing if the mechanics are not made clear. When the lessor does have another claim against the debtor to which the security is properly applicable, it would deprive him of a part of his rights under the lease instrument to require that he apply the security to administration expenses. See Oldden v. Tonto Realty Corp., 143 F.2d 916 (2 Cir. 1944); In re Sherwoods, Inc., supra; In re House of Gus Holder, 91 F.Supp. 841 (D.N.J. 1950).

■ Though we thus reach the disposition of the remainder of the deposit, we find that the lessor has no valid claim to it. The deposit here might be applied against either a claim for accrued rent or a claim for damages for anticipatory breach of the lease. But S & W has already withdrawn its claim for damages for anticipatory breach of the lease under § 63(a) (9) of the Bankruptcy Act, 11 U.S.C. § 103(a) (9). The assertion of this claim on February 23, 1960 was an election by the lessor to terminate the lease, absent adoption by the trustee, and to rely on the statutory remedy for loss of future rent exclusively. Tucker v. Dr. P. Philips Co., 148 F.2d 904 (5 Cir. 1945); Rocky Mountain Fuel Co. v. Whiteside, 110 F.2d 778, 129 A.L.R. 698 (10 Cir. 1940); cf. In re Mount Holly Paper Co., 110 F.2d 220 (3 Cir. 1940). As bankruptcy is a breach of the lease agreement, the conduct of the lessor was proper, but as there was no adoption, the obligations of the lease terminated and no claim for rent as such accrued beyond the date of bankruptcy. See In re United Cigar Stores, 89 F.2d 3 (2 Cir. 1937). It might be noted that this result is hardly harsh, as S & W will realize more rent under its new lease (at $1,000 per month) than it would have under the old (at $650 per month) from the date of bankruptcy to the expiration of the old lease. It is unlikely, to say the least, that S & W could have shown itself damaged by the breach.

■ Finally, the lessor argues that as the lease covenant to pay rent was breached on February 1, before the bankruptcy, that it may apply the entire amount of the deposit to the February rent. Although at common law the rent is due in full on the agreed date without apportionment, this rule has been modified in bankruptcy proceedings. The debtor-lessee is held liable for the accrued rent only to the date of bankruptcy while the liability of the trustee for use and occupancy arises from that date. 120 Wall Associates v. Schilling, supra; Oscar Heineman Corp. v. Nat Levy & Co., supra; In re Sherwoods, Inc., supra; In re Youdelman-Walsh Foundry Co., 166 F. 381 (E.D.N.Y.1909); but see In re Benguiat, 20 F.Supp. 504 (S.D.Cal. 1937); In re Celian, 41 F.Supp 560 (E.D.Pa. 1930). The modified rule achieves an

equitable result. It should not lie with the trustee, who is charged with doing equity, to presume on the lessor to the extent of not paying for his use and occupancy during the first month after bankruptcy. On the other hand, the lessor is not permitted to accrue rent beyond the period during which the occupancy is that of the bankrupt. S & W's claim for the deposit as a payment on the February rent is therefore denied.

On remand, the Referee should determine what constitutes a reasonable allowance for use and occupancy, the lease rental or some higher figure, and pay this amount—less the balance of the security deposit—to the lessor as an administration expense. The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.