FIFTY SEVEN ASSOCIATES, Leo Ritter & Co., and Albert Mintzer, Appellants,

v.

Lazarus JOSEPH and David I. Shivitz, Trustees of Sire 57th Street Plan, Inc. and Sire 57th Street Plan, Inc., Debtor, Appellees.

No. 418, Docket 28380.

United States Court of Appeals Second Circuit.

Argued Aug. 20, 1963.

Decided Aug. 21, 1963.

George Natanson, New York City (Natanson, Gordon & Reich, New York City), for landlord-appellant Fifty Seven Associates.

I. Arnold Ross, New York City (Arthur Sherr, New York City, with him on the brief), for mortgagee-appellant Leo Ritter & Co.

Albert Mintzer, New York City, pro se.

Charles Seligson, New York City (Seligson & Morris; Harvey R. Miller, New York City, with him on the brief), for trustees appellees.

Before MOORE, FRIENDLY and MARSHALL, Circuit Judges.

PER CURIAM.

These appeals raise numerous questions concerning an order of Judge Sugarman dated July 23, 1963, in the reorganization proceedings of SIRE 57TH STREET PLAN, INC. (the Debtor) under Chapter X of the Bankruptcy Act. The somewhat complicated facts are stated in the opinion of the District Judge. The considerations as to the need for a speedy disposition that caused us to expedite the hearing of the appeals lead us also to state our conclusions in rather summary form.

Fifty Seven Associates, the landlord of the premises leased to the Debtor, appeals from the provision in the order directing the Trustees to deliver possession to Leo Ritter & Co., the leasehold mortgagee, rather than to the landlord. The Trustees defend this procedure as desirable to protect the Debtor's estate in the event that, by an attack on the validity of the leasehold mortgage or otherwise, its ownership of the leasehold might prove to have value; they fear that if the lease is terminated by the landlord, any rights of the Debtor might be forfeited even though the leasehold mortgagee exercised the right, given by the lease, to obtain a new lease by making good the defaults—a point which we do not decide. See Thomas, The Mortgaging of Long-Term Leases, N.Y.L.J., August 19, 1963, p. 4. The order, as we suggested and counsel for the Trustees agreed on the oral argument, seems to be in substance one permitting the leasehold mortgagee to institute foreclosure and to take possession in the meanwhile; such an order would in no way impair or postpone the landlord's right to terminate the lease unless the arrearages in rent are promptly paid and the rent is regularly paid thereafter. Such an order is within the broad equity powers of a bankruptcy court, Continental Illinois National Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110 (1935), and, under the circumstances, was not an abuse of the court's discretion. We therefore deny the landlord's appeal from the order directing the Trustees to turn over the leasehold estate to the leasehold mortgagee, modifying the order, however, so as to provide that possession shall be transferred to the mortgagee at the close of business on August 31, 1963, and that the landlord shall be free to terminate the lease unless it receives all arrearages of rent stipulated in the lease (over and above amounts paid by the Trustees) by September 5, 1963 and is paid such rent regularly thereafter.

The leasehold mortgagee objects, among other things, to what it considers

an ambiguity of the order as to the status, in the event of successful attack upon the mortgage, of amounts paid by it to the landlord to cure the arrearages and to keep the lease in good standing. In accordance with the agreement of counsel for the Trustees at the argument we modify the second sentence of the first paragraph of the order as reproduced on p. 23a of the Trustees' appendix to include in the lien upon the leasehold the excess of any such amounts over and above net amounts realized by the mortgagee from sub-rents. In all other respects we deny the appeal of the leasehold mortgagee.

On the appeals from the fixation of $11,800 per month as the amount payable by the Trustees for use and occupation, we do not think the record was adequate for a final determination. See S & W Holding Co. v. Kuriansky, 317 F.2d 666 (2 Cir. 1963). We vacate so much of the order and remand for further hearing on that issue. Meanwhile the Trustees shall pay at that rate for July and August on account and without prejudice, such payment to be made on or before August 31.

The question whether the Trustees shall be entitled to reimbursement from the property for services rendered need not be passed upon by us until the District Court has taken further action; the order simply reserves jurisdiction in that respect, and we affirm it on that basis. There is likewise no reason for us now to pass upon the portion of the order which states that the Trustees may, if so advised, apply to the District Court for an order directing the landlord to return amounts in excess of $11,800 paid for use and occupation for March, April, May and June, 1963. No determination of the Trustees' right so to recover has been made, and the entire issue may become moot as a result of our vacating the order fixing $11,800 per month as the amount payable for use and occupation.

We dismiss the appeal of Albert Mintzer from the order finding his plan of reorganization unfeasible; we read the opinion as having passed on this only as an incident to the action taken with respect to the lease, which, broadly speaking, we approve.

The mandate will issue forthwith. No costs on appeal.