**DIVERSIFIED SERVICES, INC.,**
Appellant,

v.

**Allen B. HARRALSON, Trustee for Allen Industrial Supply Division, Inc., Bankrupt, Appellee.**

No. 22874.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1966.

Robert Dyer, Robert Manly, Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, Fla., for appellant.

David C. Clark, West Palm Beach, Fla., for appellee.

Before WISDOM, BELL, and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court affirming on review a determination by the Referee in Bankruptcy of administrative rent due appellant for use of its premises by the trustee in bankruptcy.

■ Appellant claims it should have been awarded $425 per month. The Referee granted $250 per month, and the District Court affirmed. We hold the Referee was in error.

Appellant and bankrupt had entered into a long-term lease; rent for the first six months was $300 per month, after that for the balance of the term $425 per month. After 18 months of occupancy, and several months before bankruptcy, appellant and bankrupt, by oral agreement, modified the lease to provide the rent was reduced to $300 per month so long as bankrupt kept its payments up, and until its business improved, at which time rent was to go back to $425. Appellant accepted a number of payments at the $300 rate.

After bankruptcy appellant claimed rent before bankruptcy at the $425 rate, but on contest of the claim by the trustee

the Referee awarded $300 per month. There was no petition for review of this action.

Subsequently the Referee heard the petition for administrative rent for occupancy by the trustee after bankruptcy from March 7, 1964, to July 30, 1964, and awarded $250 per month.

■ The trustee is allowed 60 days from bankruptcy (or 30 days from qualification, whichever is later) to assume or reject the lease [11 U.S.C.A. § 110 (b)]. The record discloses no affirmative action or notice of assumption or rejection of the lease by the trustee, no request by the trustee to the Bankruptcy Court that he be allowed to assume, and no demand by appellant for possession. It is a fair inference from the record that after the end of the period allowed by § 110(b) appellant consented, expressly or by its conduct, to the trustee's remaining in possession until July 30.

■ Appellant, without distinguishing between the § 110(b) period and the occupancy after that, claims the contractual rental agreed on between it and the bankrupt is presumed to be an appropriate figure. Under the circumstances of this case we agree. Green v. Finnigan Realty Co., 5th Cir., 1934, 70 F.2d 465; 4 Collier, Bankruptcy, ¶ 70.44, p. 1375-76; 3 Collier, Bankruptcy, ¶ 62.14, p. 1516; S & W Holding Company v. Kuriansky, 2d Cir., 1963, 317 F.2d 666.[1]

■ The appellant introduced oral testimony of square foot rental rates of similar property. The trustee offered no evidence. There is no proper evidence in the record of a value less than $300 per month. It is for the Referee to determine whether the presumably appropriate figure, the contractual rental, is shown by other evidence to be inappropriate, ei-

ther too high or too low. In applying the presumption here he is not bound as a matter of law, as appellant contends, to choose the figure of $425 per month which at one time had been bargained for between appellant and bankrupt but by subsequent negotiations had been reduced to a lower figure. On the other hand, the Referee erred in holding appellant was estopped to show that $300 a month was less than an appropriate award. The evidence of the prior rate of $425, the circumstances of reduction to $300, and the rental rates for like property are factual matters which the Referee may consider subject to the plainly erroneous rule. He may or may not conclude that the presumption of appropriateness of the $300 rate has been overcome by this, and other evidence.

■ However, in establishing proper administrative rent (absent an agreement, express or implied, by the owner as to the amount of rent), the Referee should not consider that the trustee has used only for storage purposes property that had been occupied by a going business [Kneeland v. American Loan & Trust Company of Houston, 136 U.S. 89, 10 S.Ct. 950, 34 L.Ed. 379 (1890); In re Millard's, Inc., 7th Cir., 1930, 41 F.2d 498; Cf. Crook v. Zorn, supra, where less than all the premises was used]. Nor can the appropriate rent be limited by the amount that the Referee feels the estate can "afford to pay"—to do so would be to confer on general creditors an advantage obtained after bankruptcy at the expense of the landowner (S & W Holding Company v. Kuriansky, supra; In re Benguiat, S.D.Cal.1937, 20 F.Supp. 504, 509. In re Nathanson, D.Mass. 1927, 24 F.2d 760).

Reversed and remanded for proceedings consistent with this opinion.

---

1. In Crook v. Zorn, 5th Cir., 1939, 100 F.2d 792 the Court held the contractual rental to be of little weight, but the occupancy there was only of part of the premises, and the trustee attempted to surrender the premises and put the owner in possession, but the owner without explanation refused.