**In re GOURMET GALLERY, INC., Debtor.**

**Bankruptcy No. 81–03743K.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 3, 1983.

---

Norman Ackerman, Philadelphia, Pa., Trustee.

Kenneth F. Carobus, Philadelphia, Pa., for claimant/Cooper-Olsham Co.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on the objection of the Trustee to a claim for administrative rent. After hearing held on December 14, 1982, and upon review of the memoranda of law filed by the claimant, the Court will overrule the Trustee's objections and allow the claim.[1]

The facts of the case are easily set forth. Gourmet Gallery, Inc. leased a building at 7319 Castor Avenue in Philadelphia. On this premises, the debtor operated a business engaged in the sale of cookware and related goods. In September of 1981, a petition in bankruptcy was filed. Norman Ackerman, Esquire, was duly appointed as the Interim Trustee. The Debtor's goods were not removed from the premises until early 1982. Cooper-Olsham Company, successor in interest to the original lessor, filed a proof of claim in the sum of $3,036.91. This amount was claimed as administrative rent for the time period from the filing of the petition until the premises was vacated, a period of three and one-half months. The claim for administrative rent is based on the rental payments set forth in the lease, *viz,* $825.00 per month.

The claimant asserts that the sum should be accorded priority as an administrative expense. Under the Bankruptcy Code, the "... actual, necessary costs and expenses of preserving the estate..." are entitled to priority as an administrative expense. 11 U.S.C. § 503(b)(1). Administrative costs receive first priority status in any distribution from the estate. 11 U.S.C. § 507(a)(1).

In the instant case, it is undisputed that the Debtor's goods occupied the premises from the date of the filing of the petition, in mid-September of 1981, until the end of 1981, a period of three and one-half months. The Trustee admits that he cannot deny the lessor a claim for administrative rent, however, the amount of such rent is in dispute.

The Trustee's objection to the claim is based upon the theory that the Debtor's estate should not be diminished by having to pay the full rent under the lease. The Trustee argued that to permit the lessor to receive the full rent under the lease for the period of the administration would work to the detriment of the unsecured creditors. The Trustee' therefore, objected to the claim on the basis that it was unreasonable and excessive.

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

A hearing was held on December 18, 1982, where both parties set forth their positions. At that time, the issue of which party must carry the burden of proof arose. Although the Trustee vigorously asserted that the claimant must prove that it is entitled to the full amount reserved under the lease, a review of the matter has convinced us otherwise.

 A proof of claim which has been duly filed shall be deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Bankruptcy Rule 306(b). The filing of the proof of claim is *prima facie* evidence of the existence and amount of the claim. Bankruptcy Rule 301(b). The procedure for objecting to a claim is set forth in Rule 306, which provides:

> (c) Objection to Allowance. An objection to the allowance of a claim for the purpose of distribution shall be in writing. A copy of the objection and at least 10 days' notice or, if the claim is for taxes, at least 30 days' notice of a hearing thereon shall be mailed or delivered to the claimant. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 701, the proceeding thereby becomes an adversary proceeding.

Bankruptcy Rule 306(c).

Although the Rules of Bankruptcy Procedure do not specify which party must carry the burden of proof, a well-regarded treatise states that:

> In short, the allegations made by the creditor in a proper and properly filed proof of claim are to be taken as true if they set forth all the necessary facts to establish the claim and they are not self-contradictory. Section 502(a) and Rule 301(b), prima facie, establish the claim even in the presence of objections. Upon the filing of such objections, the trustee is then called upon to produce evidence and show facts tending to defeat the claim. Such evidence must be of a probative force equal to that of the allegations of the creditor's proof of claim. While the burden of ultimate persuasion is always on the claimant, and while proba-

tive force is given to the allegations in that creditor's proof of claim, the trustee nonetheless carries the burden of going forward to meet, overcome, or at least equalize, what operates in favor of the creditor by the force of section 502(a) and the Rule.[20]

> Of course it should not be assumed that the creditor carries no responsibility of offering proof of the validity or the amount of the claim. The fact is that until the trustee, as objector, has put in evidence concerning invalidity or excessiveness of amount, the claimant need do nothing, assuming of course, a proper proof of claim has been executed and filed in accordance with the statute and with the Rules. But once the trustee, as objector, has introduced evidence as to the invalidity of the claim or the excessiveness of its amount, or as to any affirmative defense going to the allowability of the claim, it would seem that the burden rests on the claimant to introduce rebutting evidence for it is the claimant's burden of ultimate persuasion. Thus, normally, the trustee as the objector would have the burden of proving any affirmative defense such as the statute of limitations, usury, a transfer to the creditor constituting a voidable preference or a fraudulent conveyance and any set off or counterclaim.[21]

(Footnotes omitted) 3 Collier on Bankruptcy, ¶ 502.01, pp. 502–20, 1 (15th ed.).

Although the trustee bears the burden of proof, it is likewise true that the estate is only liable for the reasonable value of the actual use and occupancy of the premises. *Philadelphia Company v. Dipple*, 312 U.S. 168, 61 S.Ct. 538, 85 L.Ed. 651 (1941); *In re Universal Medical Services, Inc.*, 357 F.Supp. 1137 (E.D.Pa.1973). In a Chapter 7 case, a lease is automatically rejected unless the Court authorizes the trustee to assume the lease. 11 U.S.C. § 365(d)(1); *In re Standard Furniture Co.*, 3 B.R. 527 (Bkrtcy. S.D.Calif.1980). Upon rejection of the lease, the estate is liable for administrative rent for the period from the filing of the petition until the surrender of the premises.

*Standard Furniture, supra; In re Chase Commissary Corp.,* 11 F.Supp. 288 (S.D.N.Y. 1935); *In re Universal Medical Services, supra.* Absent any evidence to the contrary, the Court may presume that the contractual rent is a fair and reasonable charge for the use of the premises. *S & W Holding Co. v. Kuriansky,* 317 F.2d 666 (2nd Cir.1963); *Diversified Services, Inc. v. Harralson,* 369 F.2d 93 (5th Cir.1966); *Standard Furniture, supra.*

In the case *sub judice,* no evidence was introduced to support the Trustee's assertion that the rent charged by the claimant was excessive. A rental figure of $825.00 per month plus payment of the local use and occupancy tax does not seem unreasonable to the Court. An Order will be entered overruling the Trustee's objection and allowing the claim.