In re Paul C. STEIN, Jr., t/a Fairfax Construction Co., and Nancy A. Stein, his wife, Debtors.

Paul C. STEIN, Jr., Individually and t/a Fairfax Construction Company, Plaintiff,

v.

WILLIAM C. COX, INC. and Callahan Autobody Company, jointly, severally and in the alternative, Defendants.

Bankruptcy No. 83–03955G.

Adv. No. 84–0126G.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 16, 1985.

James J. Gillespie, Jr., Fox, Rothschild, O'Brien & Frankel, Pa., for debtor/plaintiff, Paul C. Stein, Jr., individually and t/a Fairfax Const. Co.

David I. Davis, King of Prussia, Pa., for defendant, William C. Cox, Inc.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The clash between the parties in the case before us is over the amount of damages to be awarded on claims and counterclaims in a suit brought by a municipal subcontractor against the contractor. On the facts before us we will enter judgment on one of the subcontractor's claims in the amount of $11,082.00, but we will deny all other relief.

■ As best we can summarize a heap of desultory testimony, the facts of this controversy are as follows:[1] The City of Phila-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

delphia contracted with William C. Cox, Inc. ("Cox"), for the construction of a playground. Cox subcontracted work for demolition, excavation, paving and landscaping to the debtor at a price of $32,200.00. Although the debtor completed 81% of the work required under the contract, which we find was "substantially all" of the work prescribed, Cox advanced payment of only $15,000.00. Since 81% of the contract price is $26,082.00 on which only $15,000.00 has been paid, Cox owes the debtor $11,082.00 on this aspect of the case.

Much of the debtor's work on the playground was below contract standards although a portion of this deficiency is attributable to express directions given by Cox, such as by its instructing the debtor to pave when temperatures were far below optimal levels. As a result of numerous flaws in the debtor's work, both the debtor and Cox effected numerous repairs. Both parties, of course, expended extra costs and labor to this end.

At Cox's behest the debtor performed work in addition to that set forth in the subcontract. The debtor also suffered additional costs because of certain reconstructions which had to be undertaken due to a discrepancy between the actual dimensions of the playground and those described in the plan given to the debtor by Cox.

It is undisputed that the terms of Cox's contract were not fulfilled until months after the expected completion date. Nonetheless, Cox failed to prove what portion of this delay, if any, was attributable to the debtor, since other subcontractors and Cox hampered the project.

Although the debtor ultimately vacated the work site, it left behind a paving machine and a tractor with a rake attachment, both of which were of nominal value. When initially informed by Cox that the City of Philadelphia required the removal of the equipment, the debtor replied that weather and ground conditions in the playground contravened the removal of the equipment due to a substantial risk of damage to the playground surface. After the passage of several months the debtor still had not moved the machinery, so Cox transported the subject equipment to an uncovered area beside an auto garage known as Callahan Autobody Company ("Callahan"). Through some break-down in communications, Cox prohibited the debtor from removing the equipment for a period of time, although the debtor is now free to remove it.

In its complaint the debtor alleges that Cox has not yet fully compensated the debtor for the work performed under the contract and has not paid for any additional work not prescribed in the subcontract which the debtor has undertaken. The debtor also claims damages allegedly attributable to Cox's removal and failure to return the equipment which was hauled from the work site.

Cox, in its counterclaim, seeks damages for labor it performed and material it supplied in rectifying the debtor's allegedly shoddy work. It also asks that we assess damages against the debtor for overhead costs attributable to the debtor's delay in completing the debtor's portion of the project.

■ As stated above, the debtor seeks damages for certain additional work performed at Cox's direction which was not embraced by the subcontract. In opposition to this request is Cox's demand for damages for costs it incurred rectifying some of the debtor's substandard work. Our attempts to affix a dollar value on these two components of damages has been stymied by their numerous, amorphous constitutent elements. At best we conclude that the two countercharges are approximately equal and thus nullify each other.

■ On Cox's request for damages caused by the debtor's delay in completing the debtor's aspect of the project, we found above that the construction was delayed by Cox and numerous subcontractors, as well as by the debtor. Hence, since the debtor was no more culpable in causing the delay than Cox and the other subcontractors, we conclude that damages are not awardable.

*In Re C & L Country Market of New Market, Inc.*, 52 B.R. 61, 63 (Bankr.E.D.Pa. 1985) (doctrine of *in pari delicto*), *citing Tarasi v. Pittsburgh National Bank*, 555 F.2d 1152, 1156–57 (3d Cir.1977), *cert. den.* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451 (1977).

As to the debtor's demand for damages due to Cox's moving and storage of the debtor's equipment, we conclude that damages may not be awarded. Cox urged the debtor to move the items for several months, but the debtor declined. Although Cox initially refused to release the machinery from the storage facility to which it had been taken, the debtor is now free to retrieve it. Any deterioration of the equipment due to weathering and vandalism could have happened while the property was resting on the playground lot, and apparently much of that damage did occur there. We will consequently deny the debtor's request for relief on this count against Cox and Callahan.

Above we fixed the only awardable component of damages at $26,082.00 for the value of the work performed by the debtor under the contract. Since the debtor has been previously paid $15,000.00 of this figure we will enter judgment in favor of the debtor and against Cox in the amount of $11,082.00.