**In re Glenn Richard AHRENS, Judy Ann Ahrens, Debtors.**

**Glenn and Judy AHRENS, Plaintiffs,**

**v.**

**Philip BRADFORD and Leo F. Doyle, Trustee, Defendant.**

**Bankruptcy No. 82–03335G.**
**Adv. No. 85–0127G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 21, 1986.

Michael Donahue, Del. Co. Legal Assistance Assn., Chester, Pa., for debtors/plaintiffs, Glenn Ahrens and Judy Ahrens.

Carroll G. Wille, Wille, McOscar & Winther, West Chester, Pa., for defendant, Philip Bradford.

Leo F. Doyle, Philadelphia, Pa., Trustee/defendant.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The question posed by counsel is whether we should grant the debtors' request to hold their former landlord in contempt for his commencement of a civil suit to collect postpetition rent on the leasehold notwithstanding the fact that the lease was deemed rejected. On the basis of the facts expressed below, we conclude that the relief on the contempt action should be denied.

We find the facts of this case as follows:[1] The debtors filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on August 23, 1983. At that time the debtors were leasing a parcel of residential realty from Philip Bradford ("Bradford"). Within weeks after the filing of the petition Bradford notified the debtors directly, allegedly urging them to pay him the prepetition arrearages on the rent. The debtors then filed their first complaint in contempt against Bradford, asserting various violations of the automatic stay imposed by 11 U.S.C. § 362(a) of the Code. At about the time of the filing of the complaint, Bradford moved for relief from the automatic stay in order to enforce his eviction rights under state law. We ultimately granted that motion. Approximately two weeks after the entry of that order, the parties stipulated to the dismissal of the contempt action and we approved the stipulation.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

On October 19, 1983, Bradford filed suit in state court to collect postpetition rent from the debtors accruing between August and October, and judgment by default was entered in favor of Bradford. The debtors appealed to the county court and at the *de novo* proceedings held thereon, Bradford sought all unpaid, postpetition rent to date, as well as damages for the debtors' alleged injury to the realty. Judgment was entered in favor of Bradford. The debtors again appealed. Shortly prior to the commencement of the suit in county court, we entered an order of discharge in favor of the debtors. It has also been established that the debtors failed to assume the unexpired lease within sixty days of the filing of the petition.

The debtors commenced the instant contempt action against Bradford alleging that his efforts to collect postpetition rent were in violation of 11 U.S.C. §§ 362(a) and 524(a). The debtors contend that any postpetition liability under the lease is deemed, under §§ 502(g), 727(b), 1141(d)(1) and 1328(a), a prepetition obligation which was discharged. At the debtors' behest we entered an order enjoining Bradford from pursuing the litigation in state court pending a resolution of the contempt action at hand.

Under the Code the rejection of an executory contract or an unexpired lease is governed by 11 U.S.C. § 365 which states in pertinent part:

§ 365. Executory contracts and unexpired leases

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

\* \* \* \* \* \*

(d)(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

\* \* \* \* \* \*

(g) Except as provided in subsections (h)(2) and (j)(2) of this section, the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease—

(1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, or 13 of this title, immediately before the date of the filing of the petition; or

(2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, or 13 of this title—

(A) if before such rejection the case has not been converted under section 1112 or 1307 of this title, at the time of such rejection; or

(B) if before such rejection the case has been converted under section 1112 or 1307 of this title—

(i) immediately before the date of such conversion, if such contract or lease was assumed before such conversion; or

(ii) at the time of such rejection, if such contract or lease was assumed after such conversion.

11 U.S.C. § 365(a), (d)(1) and (g).[2] Sections 365(h)(2) and (i)(2), cited in § 365(g), are irrelevant to the instant case.

As is clear from the statute, if a chapter 7 trustee does not assume an unexpired lease within sixty days after the filing of the petition, the lease is deemed rejected.

**2.** Section 365 was substantially modified by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, July 10, 1984. The changes wrought in the above quoted matter were minor.

The alterations in § 365 are only effective as to cases filed after the 90 day transition period following the enactment of the statute. Since the instant case was commenced prior to the effective date of the amendments, we have quoted § 365 as it stood prior to those changes.

§ 365(d)(1). If an unexpired lease is deemed rejected, the rejection constitutes a breach of the lease which is deemed to have occurred immediately prior to the filing of the petition. § 365(g)(1). For purposes of the distribution of the debtors' assets or the discharge of their debts, a claim attributable to the rejection of an unexpired lease or executory contract is treated as a *prepetition* liability. 11 U.S.C. §§ 502(g), 727(b), 1141(d)(1), 1328(a).

Although rejection of an unexpired lease, coupled with a discharge, extinguishes a debtor's liability *under* the lease, liability to the landlord may still arise if the debtor does not surrender the property on the filing of the petition. On rejection of the unexpired lease, the debtors' postpetition use of the realty does not arise *under* the lease, but liability may be predicated on a new, postpetition lease, either express or implied. In addition, liability may be attributable to a debtor's unsanctioned use of the property, as with a tenant at sufferance. As we outlined in two recent opinions, if the use of the realty is reasonable and necessary to the preservation of the estate, this liability may be satisfied from the estate as a administrative expense. *Katz v. 905 Madison Assoc. (In Re William H. Herr, Inc.),* 61 B.R. 252 (Bankr.E.D.Pa. 1986); *In Re C & L Country Market, Inc.,* 52 B.R. 61 (Bankr.E.D.Pa.1985). If the debtor does not surrender leased property on the filing of the petition, and ultimately rejects the unexpired lease, the debtor remains liable for the rental of the property if such rental is not an administrative expense. In such a case, the debtor's postpetition liability commences on the filing of the petition and ends on the surrender of the property.

In the case at bench, the unexpired lease was deemed rejected but the debtors had not surrendered the premises on the filing of the petition. Consequently, they are liable for the payment of rent for the time they were tenants at sufferance, which period ran from the filing of the petition until the surrender of the leasehold. This obligation was not extinguished by the debtors' discharge of debts.

Shifting to the subject of the automatic stay, that stay arises on the filing of a petition in bankruptcy and bars a significant array of debt collection activities against the debtor, property of the debtor and property of the estate. 11 U.S.C. § 362(a). The automatic stay does not bar efforts *against the debtor* to collect on a *post* petition debt, although an action to satisfy such a debt with property of the estate is stayed. *See, e.g.,* § 362(a)(3) and (a)(5).

As applied to the case at hand, the debtors' liability to Bradford as tenants at sufferance is a *post* petition claim. As such, the automatic stay does not bar Bradford from attempting to collect the debt and to satisfy it with the debtors' property. Consequently, Bradford did not violate the automatic stay by initiating the suit in state court. Since the obligation at issue is not discharged, 11 U.S.C. § 524(a) is irrelevant and the injunction in that provision against efforts to collect discharged debts is inapplicable. We therefore conclude that Bradford has not committed contempt.

We will accordingly enter an order denying the debtors all relief on their complaint and we will dissolve the injunction we previously issued as to the continuation of the state court litigation.