**In the Matter of DAVIDSON & McKIRDY CO., INC., Debtor.**

**Bankruptcy No. 2-85-01097.**

United States Bankruptcy Court, D. Connecticut.

Feb. 2, 1987.

Robert M. Shields, Jr., Moller, Norton & Fineberg, P.C., Hartford, Conn., for debtor.

Steven Weiss, Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C., Springfield, Mass., for Creditors' Committee.

Karen D. Oestreicher, Halloran, Sage, Phelon & Hagarty, Hartford, Conn., for applicant, Hopmeadow Rental & Leasing, Inc.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

This proceeding concerns the objection of the creditors' committee to an application of Hopmeadow Rental & Leasing, Inc. (Hopmeadow) for allowance of its claim in the amount of $2,119.89 as an administrative expense. The facts underlying the application are taken from the case file and a brief evidentiary hearing held on December 30, 1986.

### I.

Davidson & McKirdy Co., Inc., the debtor and operator of a printing business, filed a voluntary chapter 11 petition on December 17, 1985. In its schedules the debtor listed an unexpired lease between it and Hopmeadow for the rental of a Ford truck. The lease had a remaining term of thirty-seven months and called for monthly rental payments of $634.18. On April 4, 1986, Hopmeadow filed a motion to require the debtor to assume or reject the lease (the motion). Before the motion was heard, the debtor and Hopmeadow reached an agreement under which Hopmeadow did not pursue its motion and the debtor brought current all delinquent postpetition monthly rental charges. The debtor continued to use the truck until the debtor terminated its business operation on September 12, 1986. On October 16, 1986, the court approved the debtor's motion for authority to reject the unexpired Hopmeadow lease. The debtor thereupon returned the truck to Hopmeadow. Hopmeadow sold the truck, as required by certain lease provisions, and filed a general claim for damages sustained due to the lease rejection. Hopmeadow used the net amount received from the sale of the truck ($3,613.43) as a credit (the credit) to reduce Hopmeadow's breach-of-lease damage claim. The debtor had made no further payments to Hopmeadow following the payment in April, 1986, which had resulted in the nonpresentment of the Hopmeadow motion. Hopmeadow's administrative-expense claim is based upon the lease rental charges and obligations for the period of May 1, 1986, through October 16, 1986, and totals $2,119.89.

### II.

The creditors' committee does not object to the amount of Hopmeadow's administrative claim. It puts forth two arguments why the court should deny the allowance of the claim as an administrative expense, both of which arguments the court finds insubstantial.

■ The committee first contends that because the court authorized the lease to be rejected, Hopmeadow is not entitled to any administrative claim based upon the postpetition use of the truck. The committee makes the novel assertion that the portion of § 365(g) of the Bankruptcy Code providing that rejection of an unexpired lease constitutes a breach of lease "immediately before the date of filing of the peti-

tion",[1] makes lease obligations both prior and subsequent to rejection a prepetition claim. The committee cites no relevant authority for this position. Section 503 of the Bankruptcy Code allows as an administrative expense "the actual, necessary costs and expenses of preserving the estate." "When third parties are induced to supply goods or services to the debtor-in-possession pursuant to a contract that has not been rejected, the purposes of § 64(a)(1) [predecessor to § 503] plainly require that their claims be afforded [administrative] priority." *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.),* 536 F.2d 950, 954 (1st Cir.1976); *see also In re Jartran, Inc.,* 732 F.2d 584, 586 (7th Cir.1984). The committee does not assert that the benefit to the estate by the debtor's use and possession of the truck should not be measured by the lease-payment provisions. *See, e.g., S & W Holding Co. v. Kuriansky (In re W.L. Boffa, Inc.),* 317 F.2d 666, 667 (2d Cir.1963); *American A. & B. Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119, 126 (2d Cir.1960).

■ The committee next argues that the proceeds received postpetition by Hopmeadow from the sale of the truck, rather than be applied to reduce Hopmeadow's damage claim resulting from the lease rejection, must be used to offset its postpetition administrative-expense claim. The court cannot sustain the committee's position. Under the provisions of § 365(g), when the court approved the rejection of the unexpired lease, a breach of the lease occurred. *See* n. 1, *supra.* There is no justification to require application of the credit, mandated by the lease to apply to a breach-of-lease damage claim, to a claim for administrative expense. To do so would be contrary to the express terms of the lease, and contrary to concepts of equity.

### III.

The committee's objections to Hopmeadow's application for allowance of an ad-

ministrative expense are overruled, and the application is granted. It is

SO ORDERED.

---

**1.** *11 U.S.C. § 365(g):* "... the rejection of an ... unexpired lease of the debtor constitutes a breach of such ... lease—

(1) if such ... lease has not been assumed ..., immediately before the date of the filing of the petition".