In the Matter of **FREDRICK MEATS,
INC.**, dba Fredrick's Olde Time Butch-
er Shoppe, et al., Bankrupt.
**Edward R. BROWN**, Petitioner-
Appellant,

v.

**Curtis B. DANNING**, Trustee-
Appellee.

No. 71-2367.

United States Court of Appeals,
Ninth Circuit.

Aug. 1, 1973.

Edward R. Brown, in pro per.

Bruce H. Spector (argued), Los An-
geles, Cal., for trustee-appellee.

Before BROWNING and ELY, Circuit
Judges, and THOMPSON, District
Judge.*

## OPINION

PER CURIAM:

On January 18, 1969, appellant en-
tered into a real property lease with
Fredrick Meats, Inc., the bankrupt.
Under the lease rental was payable in
advance on the first day of each month.
The lessee was also required to pay real
property taxes levied against the proper-
ty "not later than" ten days prior to the
delinquency date.

The rent due December 1, 1970, for
the ensuing month was not paid. On
that date the bankrupt filed a petition
for arrangement under Chapter XI of
the Bankruptcy Act. A receiver was ap-
pointed the same day, and qualified and
took possession of the leased premises
the following day. The receiver re-
mained in possession from December 2,
1970, to January 4, 1971. Real property
taxes were levied against the property
on November 1, 1970; according to the
lessor they became due on December 10,
1970, after bankruptcy proceedings were
commenced.

* Honorable Gordon Thompson, Jr., United States District Judge, Southern District of Cali-
fornia, sitting by designation.

On January 14, 1971, the lessor sought an order directing the receiver, now trustee, to pay as administrative rent the full amount of rent due under the lease for the months of December and January, and to pay the full amount of the unpaid taxes.

The referee allowed administrative rent for the period January 1 through January 4, 1971, in an amount equal to the pro rata portion of the rent reserved in the lease for the month of January. He disallowed the claim for administrative rent for the balance of January and for December and the claim for unpaid taxes. The district court affirmed.

■ The claim for the full amount of the January rental and the claim for the unpaid taxes, as administrative expenses, were properly rejected. Both claims rested upon provisions in the lease itself. The receiver was not bound by the terms of the lease unless and until he assumed it as an asset of the estate. 3A Collier on Bankruptcy 62.14 [2] at 1513 (14th ed. 1972). This he did not do.

■ The claim for rent during the period January 1–4 was properly allowed. It did not rest upon the lease, but rather upon the lessor's right to compensation for the receiver's actual use and occupancy of the premises, and, as such, was a recognized expense of administration. *Id.* at 1511–13.

For the same reason, however, we conclude that the claim for December rent, based upon the reasonable value of the use of the premises during actual occupancy by the receiver, should have been allowed. There is a conflict in the authorities as to the receiver's obligation where, as here, rent is payable in advance and the receiver takes possession after the due date. *Id.* at 1515. There is no entirely satisfactory answer, as appellee's able counsel recognizes, but we have concluded that the better view "requires payment as cost of administration of the *pro rata* rent due for the time of occupancy by the court's officer." *Ibid.* This is the rule in the Second Circuit. S & W Holding Co. v. Kuriansky, 317 F.2d 666, 668–669 (2d Cir. 1963). *See also* In re Buttonwood Securities, Inc., 349 F.Supp. 273, 278 (S.D.Cal.1972).

Affirmed in part, reversed in part.