### In re DUNWOODY VILLAGE SPORTING GOODS, INC., Debtor.

### Bankruptcy No. 80–04402A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 5, 1981.

494

Ronald J. Garber, Stokes & Shapiro, Atlanta, Ga., for petitioner.

Thomas C. Jones, Atlanta, Ga., for respondent.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On December 4, 1980, the above-referenced debtor filed a petition for voluntary relief under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 701 *et seq.* On January 24, 1981, a public auction of the inventory held on the premises was conducted by the trustee. The bulk bid in the amount of $13,000.00 was accepted by the trustee and presented to the Court for approval. On February 9, 1981, the trustee rejected a lease dated January 31, 1979 between Dunwoody Joint Venture succeeded by Noro-Dunwoody Village Holdings, N.V. (hereinafter "NDV") as landlord and Dunwoody Village Sporting Goods, Inc., the debtor, as tenant. The premises had previously been vacated on January 26, 1981. The Court approved the trustee's rejection of the lease on February 10, 1981. See 11 U.S.C. § 365(a).

On April 24, 1981, NDV filed an application for the payment of administrative rent in the amount of $1,644.30. 11 U.S.C. § 503(a). The administrative rent claim is based upon a proration of the rent due under the lease at $893.75 a month plus a $32.50 a month common area charge for the period from the filing of the petition on December 4, 1980 through the time the trustee vacated the premises on January 26, 1981. On May 26, 1981, a hearing was held on this application for payment of administrative expense and the matter was taken under advertisement.

NDV seeks an allowance of administrative claim pursuant to 11 U.S.C. § 503(b). That section states in material part:

"After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case."

The trustee opposes the application alleging that NDV should be entitled to no more than the value of the benefit to the estate of the use and possession of the premises for storage during the period between December 4, 1980 and January 26, 1981. The trustee argues that the use of the premises saved the estate only $328.54 in rent on alternate storage space and approximately $250.00 to load and transport the property to the alternate storage space. The trustee also seeks to offset against any award of administrative expenses allowed to NDV for damages which allegedly arose from the refusal by NDV of the trustee's request that he be allowed to advertise the auction sale by distributing handbills and posting a large sign at the shopping center in which the premises are located.

The Court finds that the amount claimed in the application of NDV should be allowed in full. The law concerning which costs are actual and necessary to the preservation of the estate is well settled. As one commentator states:

"In short, the *quantum* of allowance as an expense of administration for use and occupation by the trustee will be measured by 'the reasonable value of such use and enjoyment.' Ordinarily this will be the contractual rent predicated and prorated from the time the trustee is in occupancy; but the contractual rent may not be clearly unreasonable." 3 *Collier on Bankruptcy* ¶ 503.04, pp. 503–15, 16 (15th ed. 1980). [footnotes omitted] [emphasis in original]. See also *Diversified Services Inc. v. Harralson*, 369 F.2d 93 (5th Cir. 1966).

The Court does not find the contract rental rate to be "clearly unreasonable" in this

case and, therefore, will allow the full amount of the prorated rent and common area charge in the amount of $1,644.30.

The trustee also alleges that the refusal of NDV to permit the distribution of handbills and the posting of a large advertising sign caused the auction sale price of the debtor's assets to be lower than it would have been had the requested advertising been permitted. He seeks to offset against the award of administrative expenses his damage claim arising from the lower auction price. However, the trustee was unable to present evidence as to the sales price the debtor's assets would have brought if the requested advertisements had been permitted, nor is the Court willing to speculate. Therefore, the trustee's claim of setoff must be dismissed. Rule 41(b), Federal Rules of Civil Procedure, Rule 741, Rules of Bankruptcy Procedure.

Therefore, IT IS HEREBY ORDERED AND ADJUDGED that the administrative expense claim of NDV shall be and is allowed in the amount of $1,644.30.