**In re PENINSULA GUNITE, INC., a California corporation, Debtor.**

**UNION LEASING COMPANY and Heritage Leasing Company, Appellants,**

v.

**PENINSULA GUNITE, INC., Appellee.**

**BAP Nos. NC 81–1238 EVG,**
**NC 81–1034 EVG.**
**Bankruptcy No. 5–80–02666–M.**
**Adv. Nos. 810369, 800381.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 15, 1982.

Decided Sept. 30, 1982.

Gerard D. Launay, Ross & De Monte, Oakland, Cal., for appellants.

John Norman, San Jose, Cal., for appellee.

Before ELLIOTT, VOLINN and GEORGE, Bankruptcy Judges.

## OPINION

PER CURIUM:

Heritage Leasing, Inc. and Union Leasing Corporation appeal from orders denying their priority claims for "the period between the filing of the Chapter 11 and the date they regained possession of the equipment." We hold that the claims of the creditors are entitled to priority as an expense of administration and reverse.

We perceive no meaningful difference between § 64(a)(1) of the former Bankruptcy Act and 11 U.S.C. § 503(b)(1)(A) of the Bankruptcy Reform Act of 1978. Each section allows a priority to the actual and necessary costs and expenses of preserving the estate subsequent to the commencement of the case. Therefore, the body of law that grew up interpreting § 64(a)(1) has value as precedent in interpreting 11 U.S.C. § 503(b)(1)(A). See generally, 3A *Collier on Bankruptcy* (14th Ed.) ¶ 64.105(2).

The appellee argues that since § 64(a)(5) of the former Bankruptcy Act provided a priority for rent, that the absence of a similar priority under § 507 of the new Code means that Congress intended to exclude rent as an expense entitled to priority in payment. The analogy fails because § 64(a)(5) of the Act had nothing to do with expenses of administration, but rather provided a priority for pre-petition rent, if provided for by state law; a priority junior to expenses of administration, certain wage claims, taxes, and expenses of opposing the bankrupt's discharge or a debtor's plan.

As to the amount of the allowable claim, on remand the court should decide whether the relationship between the parties was that of a true lease or a security agreement couched in terms of a lease. *In re J.A. Thompson & Son, Inc.,* (C.A.9th 1982) 665 F.2d 941.

If the court finds it to be a true lease, the creditor is entitled to be compensated for the period of time after the filing of the Chapter 11 case that the debtor retained possession of the leased equipment. Because the lease was rejected, the rent reserved in the lease is not the measure of compensation, *In re Frederick Meats,* (C.A.9th 1973) 483 F.2d 951, 952. The rent reserved in the lease is presumptively a fair rental for the equipment, but the court may fix a different figure based upon the actual use by the debtor, *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.,* (2nd Cir.1960) 280 F.2d 119, and other factors such as the reasonable rent according to expert testimony, *In re First Research Corp.,* (C.A.5th 1972) 457 F.2d 331.

On the other hand, if the court finds it to be a security agreement disguised as a lease, the measure of compensation due the "lessor" is the depreciation in the equipment leased while withheld from the lessor, *Barth Equip. v. Perlstein,* 128 F.2d 253 (2d Cir.1942). Also, if the court finds the lease to be a disguised security agreement, then the debtor's counterclaim for usury should be addressed.

REVERSED and REMANDED.