**In re RAM MANUFACTURING, INC. (A Florida Corporation), Debtor.**

**Bankruptcy No. 83–00101G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 29, 1984.

tion for summary judgment based on its motion for rejection of an unexpired lease. We will deny the trustee's motion.

The undisputed facts of this case are as follows: The debtor and Chase Commercial Corp. ("Chase") contracted for the use of Chase's computer in 1980. The document evidencing the agreement was divided into two sections, the first of which was entitled "the lease," while the second was denominated "the option." Under the agreement, the debtor was to "lease" the computer upon payment of $4,316.44 per month for 60 months at the end of which time the debtor had the "option" to purchase the computer for $1.00. The debtor filed for reorganization under chapter 11 of the Bankruptcy Code on January 7, 1983. By agreement of all interested parties the computer has been sold and the proceeds have been placed in escrow pending a determination of this controversy.

Thomas B. Rutter, Ltd., Philadelphia, Pa., for debtor, Ram Mfg., Inc.

Kenneth F. Carobus, Morris & Adelman, P.C., Philadelphia, Pa., for Chase Commercial Corp.

Lawrence J. Tabas, Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for trustee, Samuel Alper.

Samuel Alper, Trustee, pro se.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the dispute before us is whether we should grant the trustee's mo-

■ In light of the strict standards for summary judgment,[1] we have reviewed the documents in question and we cannot conclude at this juncture that it is an installment sale contract since it bears all the trappings of a bona fide lease. Having decided this issue we must address the trustee's motion for partial summary judgment which is grounded on the proper basis for calculating the administrative expense of the postpetition operation of the computer. As noted above, the lease provides for payment of $4,316.44 per month, although the trustee contends that the estate should be charged only for the number of hours the computer was in operation.

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), cert. den., 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

■ The allowance of administrative expenses is governed in part by 11 U.S.C. § 503 which states in part, as follows:

§ 503. Allowance of administrative expenses

(a) An entity may file a request for payment of an administrative expense.

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

\* \* \* \* \* \*

This section must be construed in light of 11 U.S.C. § 365(g) which expresses the following language:

(g) Except as provided in subsections (h)(2) and (i)(2) of this section, the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract or lease—

(1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, or 13 of this title, immediately before the date of the filing of the petition; or

(2) if such contract or lease has been assumed under this section or under a plan confirmed under chapter 9, 11, or 13 of this title—

(A) if before such rejection the case has not been converted under section 1112 or 1307 of this title, at the time of such rejection; or

(B) if before such rejection the case has been converted under section 1112 or 1307 of this title—

(i) immediately before the date of such conversion, if such contract or lease was assumed before such conversion; or

(ii) at the time of such rejection, if such contract or lease was assumed after such conversion.

The case law indicates that when the lease is not accepted "the actual, necessary costs and expenses of preserving the estate," under § 503(b)(1) is presumptively the rental rate established by the lease. *Don Allen Chevrolet, Inc. v. Foreman* (In Re First Research Corp.), 457 F.2d 331, 332–33 (5th Cir.1972); *Union Leasing Co. v. Peninsula Gunite, Inc.* (In Re Peninsula Gunite, Inc.), 24 B.R. 593, 595 (Bkrtcy. 9th Cir.1982). The presumption is most efficacious when it is reasonably apparent that the entire leasehold is necessary for preserving the estate, in which case the rental fee in the lease would usually approximate the fair market value of the necessary costs and expenses of the leasehold. The utility of the presumption begins to fade as the parties and the court become less certain of what is being valued. For instance, in the case at bench the trustee contends that we should determine only the time the computer was actually used rather than the fair monthly rental as the lessor would have us do.

As noted above, the administrative claim of a lessor whose contract has not been accepted by the trustee is limited to the reasonable and necessary costs and expense of preserving the estate. Consequently, the administrative claim is limited to the amount by which the estate benefits rather than the amount of harm or forebearance suffered by the lessor. *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.,* 280 F.2d 119, 126 (2d Cir.1960). This is predicated on the belief that administrative claimants, who share in the bankruptcy estate prior to general unsecured claimants, should not reap benefits unfairly from a troubled debtor to the detriment of these unsecured creditors. Although the lessor's administrative claim accrues only to the extent the leasehold benefits the estate, the lessor has usually suffered the temporary loss of his entire leasehold. Thus, the unsecured creditors benefit at his expense when he is afforded no administrative claim on the amount of the lost investment opportunity he has suffered after the filing of the petition.

In the case at bench we find that we cannot grant the trustee's motion for summary judgment on the issue of the standard for calculating the actual, necessary costs and expenses for renting the computer since sufficient facts have not been presented to the court. For instance, the trustee has not offered any affidavits, pleadings or depositions, as required by Fed.R.Civ.P. 56, to show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Consequently, we will enter an order denying the trustee's motion for summary judgment.