**In the Matter of INTERNATIONAL STORAGE CORPORATION, Debtor.**

**Bankruptcy No. 83–01427.**

United States Bankruptcy Court, E.D. Wisconsin.

Aug. 29, 1984.

Lloyd S. Jacobson, Milwaukee, Wis., for Clarence J. Becker and Pearl R. Becker.

John Kitzke, Godfrey and Kahn, Milwaukee, Wis., for debtor.

Paul S. Medved, Michael, Best & Friedrich, Milwaukee, Wis., for Candarend Investments, Ltd.

## DECISION AND ORDER ALLOWING CLAIM FOR ADMINISTRATIVE RENT

C.N. CLEVERT, Bankruptcy Judge.

International Storage Corporation, the Chapter 11 debtor in this case, has objected to the administrative rent claim filed by Candarend Investment on the ground that it was improperly calculated. International Storage maintains that because it rejected its real estate lease of Candarend's property its administrative rent should be based upon the space it actually occupied—30,000 square feet rather than the 60,000 square feet it was entitled to occupy under the terms of the rejected lease. Alternatively, it argues that its rent should be determined by applying an economic benefit formula.[1]

Both parties have agreed that allowance of Candarend's claim is controlled by 11 U.S.C. § 503(b)(1)[2] and that the reasonable rental value of the 60,000 square feet covered by the rejected lease was $10,751.89[3] per month or $358.40 per day.

## DISCUSSION

■■■■ Two lines of cases have developed with regard to determining administrative rent claims in bankruptcy proceedings. One line of cases, led by *In re United Cigar Stores Company of America,* 69 F.2d 513, 516 (2nd Cir.1934) subscribes to the premise that reasonable rental value must be based upon the portion of the demised premises used and actually occupied.[4] The second line of cases which is led by *Kneeland v. American Loan and Trust Company,* 136 U.S. 89, 10 S.Ct. 950, 34 L.Ed. 379 (1890) and includes this Circuit's decision in *In re Millard's, Inc.,* 41 F.2d 498 (7th Cir.1930) subscribes to the opposite view, ie, administrative rent claims must be based upon the reasonable rental value of the claimants property without regard to the amount of space actually used.[5]

This court, after considering the aforementioned lines of cases finds that it must follow *Kneeland, Millard's* and their progeny. As Judge Brody stated *In re Fred Sanders Company:*

The view that the estate should be liable only for the debtor's actual use or occupancy is based, in part at least, upon the premise that expenses of administration are to be minimized. The desire to keep a lid on expenses of administration is laudable, but an estate is not to be maintained for the debtor or creditors at the expense of those who have valid charges against property of the estate . . . .

To permit a debtor to deprive a lessor of the use of his property and unilaterally dictate the amount of the lessor's claim does not comport with elementary notions of justice . . . .

1. This argument need not be separately addressed in view of the following discussion.

2. 11 U.S.C. § 503

(b) After notice and a hearing, there shall be allowed, administrative expenses . . . including —(1)(A) the actual necessary costs and expenses of preserving the estate . . . .

3. This is the monthly rental rate provided in the subject lease.

4. See also, *American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.C.,* 280 F.2d 119 (2d Cir.1960); *In re Ram Manufacturing, Inc.,* 38 B.R. 252 (Bankr.E.D.Penn.1984); *In re Rhymes, Inc.,* 14 B.R. 807 (Bankr.D.Conn. 1981).

5. See also, *In re Schnabel,* 612 F.2d 315 (7th Cir.1980); *Diversified Services, Inc. v. Harralson,* 369 F.2d 93 (5th Cir.1966); *In re Gourmet Gallery, Inc.,* 27 B.R. 912 (Bankr.E.D.Penn.1983); *Bekins Archival Services, Inc. v. Mastercraft Record Plating* (In re Mastercraft Record Plating, Inc.), 32 B.R. 112 (Bankr.S.D.N.Y.1983); *In re Fred Sanders Company,* 22 B.R. 902 (Bankr.E. D.Mich.1982; *Cody Management Association, Inc. v. Vermont Real Estate Investment Trust (In re Vermont Real Estate Investment Trust)* 25 B.R. 809 (Bankr.D.Vt.1982); *In re Dunwoody Village Sporting Goods, Inc.,* 11 B.R. 493 (Bankr. N.D.Ga.1981).

Practical considerations also dictate that the lessor's claim should be based on the reasonable value of the property regardless of the purpose for which it was used by the debtor. To hold otherwise would require every lessor to move immediately to seek a court order compelling the debtor to assume or reject an existing lease. 22 B.R. at 906.

In the case at bar, the debtor filed its Chapter 11 petition on April 20, 1983, and continued to store its brewing industry customer's goods in Candarend's property for 53 days. Because the debtor stored its customers goods in as much as 30,000 square feet of the building's two open areas and because the debtor maintained as of May 9, 1983, that there was a possibility that it would assume its lease, Candarend was uncertain whether it could relet any portion of the demised premises pending assumption or rejection.

It is obvious to this court that the debtor had to continue storing its customer's goods if it was to remain in business. Hence, its expenses for operating its business are chargeable under § 503(b)(1)(A) of the Bankruptcy Code. The court must also conclude that the debtor put Candarend on notice that it might assume its lease and thereby effectively estopped Candarend from seriously considering reletting the premises pending assumption or rejection of the lease. But notwithstanding the later fact, the court is compelled to conclude that the reasonable value for the debtor's use of Candarend's property was $18,995.20, which sum is allowed as Candarend's administrative claim. After subtracting $8,000 which was paid during the course of the debtor's Chapter 11 case, the court finds that Candarend is due the sum of $10,995.

IT IS THEREFORE ORDERED that the debtor's objection to the administrative expense claim of Candarend Investments be denied and said claim is hereby allowed in the sum of $18,995 less $8,000 previously paid for a net of $10,995.