**In re LOCKWOOD ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 84 B 20019.**

United States Bankruptcy Court, S.D. New York.

Nov. 14, 1985.

Jules Teitelbaum, P.C., New York City, for Operating Trustee.

Sweeney & Calabrese, White Plains, N.Y., for Anthony Lavallo, d/b/a Webster Oil Company; Salvatore J. Calabrese, of Counsel.

## DECISION ON MOTION OBJECTING TO CLAIM, AND SEEKING RECOVERY OF OVERPAYMENT, EXPENSES AND ATTORNEYS' FEES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The operating trustee of the debtor, Lockwood Enterprises, Inc. ("Lockwood"), objects to an administration claim filed by Anthony Lovallo d/b/a Webster Oil Company ("Webster Oil") in the sum of $7,401.04. The trustee also seeks to recover the amounts of $442.60 and $245.92, which were paid to Webster Oil after the debtor filed its Chapter 11 petition relating to heating oil delivered to the debtor before the commencement of the Chapter 11 case. Webster Oil was not listed in the debtor's schedules and continued to do business with the debtor for approximately five months after the date of the filing of the debtor's petition. It then first learned that it was dealing with a debtor in possession. The trustee in addition, seeks counsel fees pursuant to Bankruptcy Rule 9011.

### FINDINGS OF FACT

1. On January 22, 1984, the debtor, Lockwood Enterprises, Inc., filed with this court its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The debtor then operated an adult residential home in New Rochelle, New York. The debtor continued to operate its business and manage its property as a debtor in possession in accordance with 11 U.S.C. § 1108, until an operating trustee was appointed on September 11, 1984 pursuant to a request by the United States trustee made under 11 U.S.C. § 1104. The trustee was authorized to exercise all of the powers delineated under 11 U.S.C. § 1106(a) and was given the authority to operate the debtor's business in accordance with 11 U.S.C. § 1108.

2. Webster Oil filed a proof of claim in this case on June 28, 1984, in the amount of $7,401.09, claiming a priority as an administrative expense.

3. Webster Oil was a supplier of heating oil to the debtor before it filed its Chapter 11 petition and continued to supply oil for five months after the filing. On January 16, 1984, six days prior to the commencement of the debtor's Chapter 11 case, Webster Oil delivered 2044 gallons of oil to the debtor at the price of $5,582.11. As of that date, after applying a credit of $1,007.00 with respect to a previous on account payment, the debtor's obligation to Webster Oil stood at $4,575.11.

4. Webster Oil continued to sell oil to the debtor after the filing of the Chapter 11 petition until its last delivery on May 5, 1984 of 1000 gallons of oil to the debtor. During the same post-petition period the debtor's total payments to Webster Oil amounted to at least $22,655.16.

5. The debtor did not list Webster Oil as a creditor when the debtor filed its schedule of creditors with this court. Thus, Webster Oil did not receive notice from the bankruptcy court clerk's office and continued to do business with the debtor after the commencement of the Chapter 11 case without knowledge of the pending bankruptcy case. In early June of 1984, Webster Oil learned for the first time of the debtor's Chapter 11 case and accordingly filed an administration claim for the balance then due, in the sum of $7,401.09.

6. By notice of motion dated January 11, 1985, Webster Oil sought an order compelling the operating trustee to make immediate payment of its administrative expense claim. The motion was granted and the trustee was directed to pay all of the administration claims on a pro rata basis. The trustee paid Webster Oil $245.92 as a pro rata administration expense. Webster Oil maintained that this sum was insufficient because its entire claim of $7,401.09 was entitled to be treated as an administration claim. By notice of motion dated April 15, 1985, and June 18, 1985, Webster Oil moved to convert this Chapter 11 case for liquidation under Chapter 7 of the Bankruptcy Code on the ground that the trustee had failed to satisfy its administration claim. The operating trustee argues in the instant motion that the debtor is not entitled to any payment because the debtor overpaid its post-petition obligations to Webster Oil, whereas the debtor's pre-petition liability to Webster Oil does not qualify as an expense of administration under 11 U.S.C. § 503(b)(1)(A).

## DISCUSSION

■ The debtor's omission in not listing Webster Oil as a creditor in its bankruptcy schedules and the resulting lack of notice to Webster Oil are relied upon by the latter as a basis for attempting to transform a pre-petition debt into an administrative expense claim. The $4,575.11 pre-petition debt which the debtor owed to Webster Oil is now included in Webster Oil's administration expense claim of $7,401.09 because Webster Oil continued to do business with the debtor without knowledge of the Chapter 11 case until approximately five months after the debtor's Chapter 11 petition was filed. Webster Oil's position is refuted by the definition of administrative expenses in 11 U.S.C. § 503(b)(1)(A) as being only those qualified expenses that were incurred *"after* the commencement of the case ...."* (emphasis added). Neither the debtor's silence nor its continued business dealings with Webster Oil can transform a pre-petition claim into an administrative expense priority over the claims of the debtor's other pre-petition general creditors. The fact that the debtor was authorized to continue in business without interruption pursuant to 11 U.S.C. § 1108 does not support the conversion of the pre-petition debt into an administrative claim simply because of the ongoing relationship between the parties. This point was expressed in *Wyle v. Pacific Maritime Association (In re Pacific Far East Line, Inc.)*, 713 F.2d 476, 478 (9th Cir.1983) as follows:

> Administrative expenses under this provision are payable only if they are "subsequent" to the filing of the petition. *Id.;* 3A *Collier on Bankruptcy* ¶ 64.-102[1–2] (14th ed. 1975) (hereinafter *Collier* 14th ed.). Administrative expense claims may arise from an ongoing relationship with a provider of services which began before the petition was filed. For example, the rent which accrues during the trustee's occupation under a pre-existing lease may be claimed as administrative expense. *See In re Frederick Meats, Inc.*, 483 F.2d 951, 952 (9th Cir. 1973). The existence of an ongoing relationship cannot be used, however, to recover pre-filing debts.

The continuance of the debtor as a debtor in possession immediately after the commencement of a Chapter 11 case may result in the continued extension of credit to the post-petition debtor by creditors who did not receive notice of the commencement of the case. However, even post-petition creditors in such cases may fail to achieve administrative expense status if the Chapter 11 case is converted to Chapter 7, because such claims are treated under 11 U.S.C. § 348(d) as pre-petition claims. *See In re Glover, Inc.*, 43 B.R. 322 (Bankr.D.N. M.1984). Hence, post-petition creditors are offered inducements under 11 U.S.C. § 364 to continue to extend credit to post-petition debtors, however there is no statutory authority which allows creditors to convert their pre-petition claims to post-petition administrative expenses.

■ Webster Oil contends that there are equitable grounds for recognizing its ad-

ministrative expense claim because, had it received timely notice of the pendency of the Chapter 11 case it could have reclaimed the oil within ten days of the debtor's receipt of the delivery as authorized under 11 U.S.C. § 546 and U.C.C. § 2–702. Webster Oil's failure to receive timely notice of the debtor's Chapter 11 case deprived it of its opportunity to give a written demand for the return of the oil within ten days after delivery to the debtor in possession. *See In re Original Auto Parts Distributors, Inc.*, 9 B.R. 469, 7 B.C.D. 490 (Bankr.S.D. N.Y.1981). Webster Oil's argument ignores the fact that administrative expense claims are created by statute and not by the courts or on the basis of equitable grounds arising out of the conduct of the parties. This point was noted in 1 Norton Bankr.L. & Prac. § 12.10, pp. 15–16 as follows:

> However, since administrative claims must generally arise following the petition and because courts have long recognized that the classes and categories of priority debt should be strictly construed, a court under the Code may not have the power to create a new class of administrative debt on equitable grounds.

In *Brown v. Traders National Bank (In re Spears)*, 39 B.R. 91 (Bankr.E.D.Tenn. 1984) it was held that a feed company could not be allowed an administrative expense for the price of feed delivered before the filing of the bankruptcy petition but which was fed to the debtor's hogs post-petition because "an administrative claim can be allowed only for debts incurred after commencement of the bankruptcy case—in other words, for debts incurred by the bankruptcy estate." 39 B.R. at 96. So too, in this case, the creditor may not transform a sow's ear into a silk purse by converting a pre-petition debt into a post-petition administrative expense.

■ The debtor's failure to list Webster Oil in its bankruptcy schedules does not give rise to an equitable remedy that would survive the application of 11 U.S.C. § 546(c) as to the proceeds of the sale, where the seller is prevented from reclaiming the merchandise. *See Collingwood Grain,*

*Inc. v. Coast Trading Company, Inc. (In re Coast Trading Co., Inc.)*, 744 F.2d 686, 691–692 (9th Cir.1984). In view of the fact that an equitable remedy cannot prevail over 11 U.S.C. § 546(c) there is no room for equitable principles to supersede the statutory mandate of 11 U.S.C. § 503(b)(1)(A), which establishes a line of demarcation between pre-petition claims and post-petition administrative expenses.

Although no part of the pre-petition debt of $4,575.11 may qualify for administrative expense status, any of the debtor's unpaid obligations for oil delivered by Webster Oil after the commencement of the Chapter 11 case on January 22, 1984 may be allowed as an administrative expense. According to Webster Oil's records, it delivered 16,666 gallons of oil to the debtor after January 22, 1984, and charged the debtor $19,-481.15, inclusive of a $262.76 service charge. The debtor tendered to Webster Oil $22,655.16 during the post-petition period. However, $3000.00 of that represents a check which was not honored because payment was stopped. Thus, Webster Oil was actually paid $19,655.16 after the commencement of the Chapter 11 case, for oil and services furnished in the post-petition period at the billed price of $19,481.15. The difference, namely $174.01 is an overpayment by the debtor during the post-petition period, and may not be applied against the debtor's pre-petition obligation. In light of the fact that the debtor does not owe any amounts to Webster Oil for post-petition transactions, the $174.01 overpayment should be refunded by Webster Oil to the operating trustee, together with the sum of $245.29 which the trustee had previously incorrectly remitted to Webster Oil as the latter's pro rata share of administrative expense payments.

## COUNSEL FEES

■ The trustee's request for counsel fees pursuant to Bankruptcy Rule 9011 hinges on whether a competent attorney would have "a reasonable belief that the pleading is well grounded in fact ...."

*Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985). An award of fees is appropriate when the unsuccessful party's claims are "entirely without color and ... asserted wantonly for purposes of harassment or delay or for other improper reasons." *Browning Debenture Holders' Committee v. Dasa Corporation,* 560 F.2d 1078, 1088 (2d Cir.1977). If a reasonable attorney could have concluded that the facts supporting the claim might be established, then counsel fees should not be awarded. *Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980). If the losing party's claim is entirely without color because it lacks any legal or factual basis, an award of counsel fees would be warranted. *Sierra Club v. United States Army Corps of Engineers,* 776 F.2d 383, 390 (2d Cir.1985).

In this case, counsel for Webster Oil reasonably believed that his client's failure to receive notice of the debtor's pending Chapter 11 case for five months from its commencement because Webster Oil was not scheduled by the debtor as a creditor, constituted sufficient equitable grounds, based on an estoppel theory, to accord administrative expense status to Webster Oil's shipments made before it learned of the Chapter 11 case. Although Webster Oil's position is not supported by the statutory construction as to which items qualify as administrative expenses under 11 U.S.C. § 503(b)(1)(A), it cannot be concluded that Webster Oil's counsel acted in bad faith. Indeed, Webster Oil continued to make shipments to the debtor in good faith, and without notice of the pending Chapter 11 case. In these circumstances, Webster Oil's administrative expense claim should not be regarded as having been filed in bad faith. The trustee's request for counsel fees is denied.

### CONCLUSIONS OF LAW

1. The court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 157(a) and § 157(b)(2)(B).

2. The debtor does not owe any amounts to Webster Oil for post-petition goods and services because all such charges were paid during the post-petition period. Accordingly, Webster Oil does not have an allowable post-petition administrative expense claim against the debtor. Its claim as an administrative expense shall be expunged. The balance shall be treated as having been incurred pre-petition.

3. Webster Oil was overpaid by the debtor during the post-petition period in the sum of $174.01.

4. Webster Oil was improperly paid the sum of $245.29 by the operating trustee for its pro rata share of administrative expense payments.

5. Webster Oil shall remit to the operating trustee the amounts of $174.01 and $245.29, for a total of $419.30 which represents the incorrect payments to Webster Oil paid as an administrative expense.

6. The trustee's request for counsel fees pursuant to Bankruptcy Rule 9011 is denied.

SETTLE ORDER on notice.