KENNEDY, Circuit Judge:
Appellants, debtors Gary and Ruth Thompson, appeal the district court’s af-firmance of the bankruptcy court’s grant of an administrative expense to respondents, IFG Leasing Company and Chase Commercial Corporation. We reverse and remand the case to the bankruptcy judge for further proceedings.
Appellants own and operate a small dairy farm and ranch in Idaho. In 1979 a salesman convinced them to lease a “Harvestore System” to expand their dairy operation. In 1980 appellants entered into one seven-year and three ten-year lease agreements with respondents to finance the farm equipment. Appellants’ monthly payments to respondents were $4,369.25 per month.
In June 1983, debtors filed a petition for relief and reorganization under Chapter 11 of the Bankruptcy Code. Four months later, they filed a complaint in the bankrupts cy court, seeking a declaratory judgment that the four lease agreements were condi *562 tional sales agreements rather than true leases. Respondents counterclaimed, seeking assumption or rejection of the agreements under 11 U.S.C. § 365(a). The bankruptcy court found for respondents, holding that the agreements constituted true leases and requiring appellants to assume or reject them. Appellants rejected them.
Respondents sought and obtained an administrative expense of $43,692.50 from the bankruptcy court under 11 U.S.C. § 503(b)(1)(A). That amount represented the monthly lease payments from the date debtors filed the bankruptcy petition through the date they rejected the leases. The district court affirmed the grant of the administrative expense.
On appeal the parties do not raise or argue the question whether the bankruptcy court was correct in finding the transaction to be one based on leases rather than on conditional sales agreements. While that question seems to us to be a substantial one, we decide the appeal in the posture presented by the parties and assume the agreements before us are leases. The remaining questions on appeal are whether the lessor is entitled to the rent as an administrative expense, and, if so, how the rental should be calculated.
Appellants first argue that administrative expenses do not include periodic rental payments under a true lease. The Bankruptcy Code allows administrative expenses for “the actual, necessary costs and expenses of preserving the estate.” 11 U.S.C. § 503(b)(1)(A) (1982). The Code does not specifically identify lease payments prior to the rejection of a true lease as recoverable administrative expenses, but where the debtor or trustee actually uses the leased property, the law is clear that the rent incurred is an allowable administrative expense. In re Cochise College Park, Inc., 703 F.2d 1339, 1354 (9th Cir. 1983); In re Axton, 641 F.2d 1262, 1273 (9th Cir.1981); S & W Holding Co. v. Kuriansky, 317 F.2d 666, 667 (2d Cir.1963); 3 Collier on Bankruptcy H 503.04[ii], at 503-16 (L. King 15th ed. 1985). Where the debtor or trustee only uses a portion of the leased property, however, he must pay an administrative expense only for that portion of the property. 120 Wall Associates v. Schilling, 266 F.2d 548, 550 & n. 1 (2d Cir.1959), aff'g In re North Atlantic & Gulf Steamship Co., 166 F.Supp. 29, 31 (S.D.N.Y.1958); 2 Collier on Bankruptcy, supra, ¶ 365.03[2], at 365-29 n. 30.
On the present record, we are unable to review the bankruptcy court’s determination that appellants actually used the Harvestore System. In their complaint to the bankruptcy court concerning the status of the lease agreements, appellants stated that the equipment was necessary for the continuing operation of their dairy enterprise. At the later bankruptcy hearing, however, appellant Gary Thompson conceded that he had used the equipment but that its use was not “totally” necessary because he owned other machines that he could have substituted for much of the equipment. He contended that the Harvestore System was unsatisfactory and that animal nutritionists had told him that the equipment was detrimental to the health of livestock. Because the bankruptcy court made no factual findings on whether the Thompsons indeed fully used the equipment, but instead reached the ultimate legal conclusion that the periodic rental payments were recoverable administrative expenses, we remand the case to that court so that it may make those findings in the first instance.
Appellants next contend that, if the payments are recoverable administrative expenses, the bankruptcy court erred in computing the amount owed to respondents. They argue that the amount due is the reasonable value of the use of the equipment, as determined by the value of the benefit the equipment conferred upon the estate. The bankruptcy court ruled that appellants were obligated to pay the amounts due under the four leases from the date appellants filed for bankruptcy through the date they rejected the leases. There is some indication in the record that the bankruptcy judge so ruled on the assumption that the stipulated rental amount *563 necessarily controlled the determination of rental value in the award of an administrative expense; if that was his assumption, it was erroneous. As we are uncertain what standard the bankruptcy judge applied, and as the factual record is not well developed in any event, we remand for further proceedings on this aspect of the case as well.
When a lease is ultimately rejected but its interim continuance was an actual and necessary cost and expense of the estate, the allowable administrative expense is valued not according to the terms of the lease, but cf. Mathews v. Butte Machinery Co., 286 F. 801, 805-06 (9th Cir.1923); Dayton Hydraulic Co. v. Felsenthall, 116 F. 961, 966, 969 (6th Cir.1902), but under an objective worth standard that measures the fair and reasonable value of the lease. In re Cochise College Park, Inc., 703 F.2d at 1354 n. 17; In re Fredrick Meats, Inc., 483 F.2d 951, 952 (9th Cir.1973) (per curiam); In re First Research Corp., 457 F.2d 331, 333 (5th Cir.1972) (per curiam). The rent reserved in the lease is presumptive evidence of fair and reasonable value, In re Cochise College Park, Inc., 703 F.2d at 1354 n. 17; In re Axton, 641 F.2d at 1273, but the presumption may be rebutted by demonstrating that the reasonable worth of the lease differs from the contract rate, In re Peninsula Gunite, Inc., 24 B.R. 593, 595 (Bankr. 9th Cir.1982) (per curiam). See 2 Collier on Bankruptcy, supra, H 365.-03[2], at 365-29 to -30 (“[I]t is the settled rule that until assumption or rejection of the debtor’s lease, the estate is liable only for the reasonable value of the use and occupancy of the premises. Such value may be, but is not necessarily, fixed at the rent reserved in the lease.”) (footnotes omitted).
The actual value or benefit conferred on the debtor is not the object of the reasonable worth inquiry. But see American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A., 280 F.2d 119,126 (2d Cir.1960). Rather, the fair and reasonable value of the lease upon the open market must control. See Diversified Services, Inc. v. Harralson, 369 F.2d 93, 95 (5th Cir.1966) (per curiam); In re Millard’s, Inc., 41 F.2d 498, 499 (7th Cir.1930). Fair market value may be determined by expert testimony if, in the discretion of the trial court, it is warranted in the circumstances of a particular case. See In re First Research Corp., 457 F.2d at 333; In re Peninsula Gunite, Inc., 24 B.R. at 595. The debtor’s experience and his testimony regarding his actual use of the equipment and the value the equipment conferred upon him would seem in most cases irrelevant, though testimony .such as whether the leased equipment operated as promised might bear upon the question whether the equipment was still marketable and acceptable in the industry generally, a matter that in turn would bear upon fair market value. Cf. In re Peninsula Gunite, Inc., 24 B.R. at 595. Equating reasonableness with fair market value provides a neutral estimate of the value of the leased property and is therefore the fairest measure of compensation for all concerned. Furthermore, it avoids self-serving testimony by a debtor on the benefit, or lack of benefit, he has experienced.
Here, the question is whether appellants presented sufficiently convincing evidence to the bankruptcy court to overcome the presumption that the amount of the administrative claim is the rent reserved in the lease agreements. The record before us contains inadequate evidence on which to base a decision. The transcript of the bankruptcy hearing indicates that the bankruptcy judge may have thought that he was bound to use the rents established by the leases, although he eventually reluctantly admitted all of the evidence appellants wished to put before him on the question.
The evidence presented did not reach the question of the fair market value of the equipment. Appellant Gary Thompson testified that the reasonable rental value to him of the equipment — which he interpreted then as the benefit it conferred upon him given his dissatisfaction with it — was $100 per month. The salesman who leased the Harvestore System to appellants testi *564 fied that the reasonable rental value of the equipment with which he was familiar was $500 per month. These estimates diverged so substantially from the presumptively correct rental established by the leases, $4,369.25 per month, that the bankruptcy judge may have rejected them on this ground alone. Further, he may have discredited the testimony since the salesman was not an expert and was not familiar with all of the equipment involved in the case before the court. Alternatively, the trial court may have determined that the lease amount necessarily determined the administrative expense to be awarded, which, as we have said, is incorrect if it goes beyond a mere presumption. We remand for further proceedings so these matters may be clarified.
The decision of the district court affirming the bankruptcy court’s grant of administrative expenses to respondents is REVERSED; and the case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.