**Curtis L. MANN, Trustee of the Estate of Edward William Kline, Bankrupt, Appellee,**

v.

**CLARK OIL & REFINING CORPORATION, Appellant.**

No. 19902.

United States Court of Appeals, Eighth Circuit.

April 28, 1970.

John J. Morris, Morris, Wuestling & James, St. Louis, Mo., for appellant and filed brief.

Sheldon D. Grand, Clayton, Mo., for appellee and filed brief.

Before MATTHES, LAY and HEANEY, Circuit Judges.

PER CURIAM.

The Trustee in bankruptcy brought an action in the district court to set aside certain preferential transfers made by the bankrupt Edward William Kline to the defendant Clark Oil & Refining Corporation [hereinafter Clark Oil]. The alleged preferential transfers involved, inter alia, $1,250 representing proceeds from the sale of gasoline and $630 worth of gasoline still remaining on the premises on December 4, 1967. It was alleged that these transfers occurred when the bankrupt terminated his lease of a filling station with the defendant Clark Oil. This occurred on December 4, 1967. The bankrupt Kline filed a voluntary petition of bankruptcy on March 11, 1968.

The district court, the Honorable John K. Regan, held that the agreement between Kline, the bankrupt dealer, and Clark Oil, constituted a security agreement which had not been perfected under the Uniform Commercial Code in Missouri. The trial court further found that the gasoline products on the bankrupt's premises were not held under a "true consignment"; and that even if they were, pursuant to § 400.2–326 V.A.M.S., the goods delivered to the bankrupt were dealt with "under a name other than the name of the person making delivery * * *.". Therefore, the

district court found from the evidence that Kline was not operating under Clark Oil's name, but his own. Under these circumstances, pursuant to subsection three of the statute referred to above, the goods held by the bankrupt were subject to the claims of his creditors. Mann v. Clark Oil & Refining Corp., 302 F.Supp. 1376 (E.D.Mo.1969).

On the basis of the reasoning found in Judge Regan's opinion, we affirm the judgment.

It is so ordered.