In re Joseph G. MARCOLY and Carol A. Marcoly, i/a/d/b/a House of Furniture, Debtors.

**STAR FURNITURE WAREHOUSE, INC., Plaintiff,**

v.

**Joseph G. MARCOLY and Carol A. Marcoly, i/a/d/b/a House of Furniture, and Ralph Saldamarco, Trustee, Defendants and Third Party Plaintiff,**

v.

**NATIONAL BANK OF the COMMONWEALTH, Defendant.**

Bankruptcy No. 82–4035.
Adv. No. 82–2786.

United States Bankruptcy Court, W.D. Pennsylvania.

June 20, 1983.

Peter N. Furness, Pittsburgh, Pa., for debtors.

Robert Clofine, Pittsburgh, Pa., for Star Furniture.

David R. Tomb, Jr., Indiana, Pa., for Nat'l Bank of the Cmnwlth.

Ralph Saldamarco, Pittsburgh, Pa., trustee.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This matter arises on a Petition for Reclamation filed by Star Furniture Warehouse, Inc. ("Star").

The facts are not in dispute. The Debtors were experiencing financial problems and desired to conduct a "going out of business sale". With the knowledge of their secured creditor, National Bank of the Commonwealth ("Bank"), the Debtors on or about September, 1982 entered into a consignment agreement with Star in which certain merchandise was consigned to the Debtors for floor samples and display. If a customer wished to purchase consigned merchandise, payment was forwarded to Star, who shipped directly to the customer. Nevertheless, the Bank claims a properly filed security interest in inventory, including after acquired inventory.

Star argues that 13 Pa.C.S.A. § 9312(c) does not apply because Star and the Bank do not claim conflicting security interests. Star claims that these floor samples are not property of the estate under 11 U.S.C. § 541. Star argues that these goods were not "delivered to a person for sale" under 13 Pa.C.S.A. § 2326(c). Star relies on *Walter E. Heller & Co. S.E. v. Riviana Foods, Inc.,* 648 F.2d 1059 (5th Cir.1981). That case involved a warehouseman who had no authority to sell the items, did not sell the items and was never invoiced or billed for any of the goods stored in the warehouse. The case is distinguishable from the facts here. In the present case the goods were delivered to the Debtors as floor samples and invoices were issued. The Debtors maintain a place of business wherein they deal in goods of the kind involved, under a name other than the person making the delivery (Star). Section 2326 of the Commercial Code provides in relevant part:

(c) Consignment sales.—Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are *deemed* to be on sale or return. *The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery* until payment or resale *or uses such words as "on consignment" or "on memorandum."* (Emphasis supplied) 13 Pa.C.S.A. § 2326 (1983).

The Court finds equity to be on the side of Star. However, the provisions of the statute clearly deem the goods to be on sale or return and subject to claims of creditors while in the hands of the Debtor in Possession, unless the consignor (1) evidences its interest by a sign, (2) establishes that the Debtor here is generally known by creditors to be substantially engaged in selling the goods of others, or (3) files the appropriate financing statement.

Because the Bank had extended credit long before this shipment by star and had knowledge of the consignment by Star to the Debtors, Star asks the Court to rely on *GBS Meat Industry Pty. Ltd. v. Kress-Dobkin Co.,* 474 F.Supp. 1357 (D.C.W.D.Pa.1979) and *Newhall v. Haines,* 10 B.R. 1019 (D.C. Mont.1981) and not hold that the Bank is secured. Star argues to do so would contravene the intent of the statute, which is to give notice of "secret" liens.

These cases would appear to hold that as to a secured party with knowledge, a consignor should prevail. Absent the interven-

425

tion of a bankruptcy that may be true but in this case that analysis would not give priority to Star but to the Debtor in Possession under 11 U.S.C. § 544(a)(1) and (2). Section 544 gives the Debtor in Possession a perfected interest in the goods superior to that of Star. Although the Court is convinced that this transaction was intended to be a consignment, Star did not protect its interest by placing a sign at the site, by establishing that all of the Debtors' creditors generally knew Star was substantially engaged in selling the goods of others or by filing a financing statement. Star is therefore not perfected and the dispute is now between the Bank and the Debtor in Possession. With respect to the relative priorities of these two parties, the Bank's knowledge of the consignment is not relevant. It is not disputed that the Bank perfected a security interest in all inventory and after acquired property of the Debtors prior to the filing of the bankruptcy petition. The Court therefore holds that the Bank has a security interest in these goods.

This Opinion does not preclude the Debtor in Possession or Star from asserting that substantially all of the inventory in the possession of the Debtors was consigned by Star to the Debtors and was known by all of the Debtors' creditors to be substantially selling consigned goods. That issue was not litigated at the hearing.

An appropriate Order will issue.