In re The **WICACO MACHINE CORPORATION, Debtor.**

**QUAKER CITY IRON WORKS, INC.**

v.

**Jonathan H. GANZ, Trustee and the Wicaco Machine Corp. and the Creditors' Committee by its counsel Joseph A. Dworetzky and James S. Gkonos, Esq.**

Civ. A. No. 84–2986.
Bankruptcy No. 82–045346.

United States District Court,
E.D. Pennsylvania.

Sept. 26, 1984.

Lloyd J. Schumacker, Philadelphia, Pa., for plaintiff.

Jonathan H. Ganz, Philadelphia, Pa., trustee/defendant.

Joseph A. Dworetzky & James S. Gkonos, Philadelphia, Pa., for Creditors' Committee of Wicaco Mach. Corp. and Special Counsel to Jonathan H. Ganz, trustee.

William J. McDevitt, Philadelphia, Pa., for debtor/defendant, Wicaco Mach. Co., Inc.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

Before the court is the appeal of Quaker City Iron Works, Inc. ("Quaker") from an order of the Bankruptcy Court, 37 B.R. 463, denying it reclamation of goods consigned by Quaker's predecessor in interest to Wicaco Machine Co., Inc. ("Wicaco"), the debtor. This court has jurisdiction under 28 U.S.C. § 1334(a). For the reasons set forth below, the order of the Bankruptcy Court will be affirmed.

The debtor in July 1978 was engaged in the business of manufacturing and selling small machine parts. In order to broaden the scope of its inventory, Wicaco entered into a consignment agreement with the Philadelphia Valve Company Inc. ("PVC") on July 25, 1978. The goods were delivered to the debtor with the mutual understanding that the goods were for resale. No payment was due on any item until it had been sold by Wicaco and any unsold goods could be returned to PVC. At the same time, Wicaco also acquired certain business assets of PVC, the right to use the PVC name and a leasehold in premises located on Tioga Street.

The consigned goods were located in the business premises Wicaco leased from PVC

at the time of the lease.[1] From August to November of 1978 the goods were then moved to Wicaco's business premises on Stenton Avenue. Wicaco sold both the consigned goods and other merchandise from the Tioga Street and Stenton Avenue locations. The unconsigned merchandise sold by Wicaco was of the same general type of merchandise as the consigned inventory. The consigned goods were sold under PVC's name at both locations, while other goods of the same kind were sold under Wicaco's name.

On August 2, 1978 PVC filed financing statements covering the consigned goods in accordance with the Uniform Commercial Code ("UCC") of Pennsylvania. The financing statements stated that their maturity date was "within three years." Shortly after the financing statement was filed, PVC changed its name to Valve Liquidating Corporation ("VLC"). On December 1 and December 4, 1978 VLC filed new financing statements with respect to the consigned goods. These financing statements also provided for a maturity date "within three years." Quaker acquired whatever rights VLC had in the consigned goods in December 1981.

On September 23, 1982, Wicaco filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. The proceeding has since been converted to a Chapter 7. On March 7, 1983 Quaker filed an adversary proceeding against the Trustee, Wicaco and the Creditors' Committee seeking to reclaim the consigned goods. After a hearing, the Bankruptcy Judge found that the goods were deemed on "sale or return" under the provisions of 13 Pa.Cons. Stat. § 2326 and subject to the claims of the debtor's creditors. The court therefore denied Quaker's reclamation request.

■ The appellant argues that this court should examine and revise the finding of facts by the Bankruptcy Court judge as to certain details of the transaction between the parties. Where a trial court has made findings of historical facts, those facts should not be disturbed on review unless they are clearly erroneous. *United States v. Kowalchuk*, CA 83–1571 (3d Cir. filed Sept. 11, 1984). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). With one exception,[2] I find that the findings of fact are amply supported by the record and require no alteration.

■ According to 13 Pa.Cons.Stat. § 2326 [3] goods which are on "sale or re-

---

**1.** The Bankruptcy Court found that the goods were delivered to the leased premises from August to November of 1978. On an appeal from the Bankruptcy Court, this court must accept the Bankruptcy Judge's findings of fact unless they are clearly erroneous. Bankruptcy Rule 8013; *In re Morrissey*, 717 F.2d 100 (3d Cir. 1983). In this instance there is no factual basis in the record to support the Bankruptcy Court's findings. This however does not change the ultimate result.

**2.** See footnote 1 supra.

**3.** 13 Pa.Cons.Stat.Ann. § 2326:
(a) Definitions.—Unless otherwise agreed, if delivered goods may be returned to the buyer even though they conform to the contract, the transaction is:
  (1) a "sale on approval" if the goods are delivered primarily for use; and
  (2) a "sale or return" if the goods are delivered primarily for resale.

(b) Rights of creditors of buyer generally.—Except as provided in subsection (c), goods held on approval are not subject to the claims of the creditors of the buyer until acceptance: goods held on sale or return are subject to such claims while in the possession of the buyer.
(c) Consignment sales.—Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as "on consignment" or "on memorandum." However, this subsection is not applicable if the person making delivery:
  (1) complies with an applicable law providing for the interest of a consignor or the like to be evidenced by a sign;

turn" or which are deemed to be on "sale or return" are subject to the claims of the creditors of the party to whom the goods have been delivered unless certain notice requirements have been fulfilled. The issues presented here are whether the agreement between Wicaco and PVC constituted a "sale or return" under the statute and if so, whether the notice requirements have been complied with.

A consignment is deemed on sale or return where "goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery." 13 Pa.Cons.Stat. § 2326(c) [U.C.C. § 2–326(3)]. The purpose and effect of this subsection is to abolish the secret liens of the consignor and to protect the creditors of the consignee who might reasonably assume that the goods were the property of the consignee. White & Summers, Uniform Commercial Code § 22–4 p. 885 (2d Ed.1979); *Mann v. Clark Oil & Refining Corp.*, 302 F.Supp. 1376 (D.C.E. D.Mo.1969), aff'd 425 F.2d 736 (8th Cir. 1970).

■ On the facts of this case there is no doubt that the goods were delivered to a person for sale. Delivery occurred when Wicaco took over the leased premises where the goods were located. Wicaco was to sell these goods and then make payment to VLC. Wicaco also maintained a place of business at which it dealt with similar goods. Both the Stenton Avenue and the Tioga Street locations would fulfill this requirement.

The only question, therefore, is whether the "under a name other than the name of the person making delivery" requirement has been fulfilled. The appellant argues that § 2326 does not apply because the consigned goods were not sold under the

name Wicaco. I do not agree. Simply using the name of the consignor is not fatal to the creditors of the consignee. Although Wicaco sold the consigned goods under the PVC name, it also sold other similar goods under the name Wicaco at both locations. Therefore, Wicaco did have a place of business at which it dealt in goods of the kind involved under a name other than the name of the consignor.

In *Mann v. Clark Oil & Refining Corp.* 302 F.Supp. 1376 (D.C.E.D.Mo.1969) aff'd 425 F.2d 736 (8th Cir.1969), the consignee operated a gas station at which he sold name brand gasoline. There was a sign with the name of the consignor but also a sign which indicated that the consignee operated the station. The court held that the consignee was not doing business under the name of his supplier. The court was of the view that to be doing business under the name of the consignor, the consignee must so completely identify his business with that of the consignor "that potential creditors would necessarily assume that the business was that of the consignor solely." 302 F.Supp. at 1380. Wicaco's business was not completely enveloped by the PVC name and creditors could reasonably assume that all the goods, including the consigned goods belonged to Wicaco. The consigned goods are therefore subject to the claims of Wicaco's creditors unless the requirement of 13 Pa.Cons.Stat.Ann. § 2326(c)(1), (2) or (3) have been fulfilled.

The first exception pertains to compliance with an applicable sign law. This option is not available to the parties here since Pennsylvania has not enacted such a law.

The second exception requires that the consignee be "generally known to his creditors to be substantially engaged in selling the goods of others." 13 Pa.Cons.Stat.

(2) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others; or
(3) complies with the filing provisions of Division 9 (relating to secured transactions).

(d) Treatment of "or return" term—Any "or return" term of a contract for sale is to be treated as a separate contract for sale within the statute of frauds section of this division (section 2201) and as contradicting the sale aspect of the contract within the provisions of this division on parol or extrinsic evidence (section 2202).

Ann. § 2326(c)(2). Webster's Third New International Dictionary defines generally as "on the whole" and "as a rule" and substantial as "an important or material part." The appellant, Quaker, therefore has the burden of establishing that an important part of Wicaco's business was selling the goods of others and that this fact was known as a rule by its creditors.

Approximately one-fifth of Wicaco's creditors had actual knowledge of the consignment. Since this one-fifth represents 63% of the claims against the debtor, Quaker argues that the consignment was generally known to Wicaco's creditors. Section 2326(c)(2), however, does not refer to the amount of the indebtedness, but to the creditors. Most of Wicaco's creditors were not aware of the consignment and, therefore, it was not generally known to its creditors.

The appellant argues that all of Wicaco's creditors had constructive notice of the consignment since the financing statements remained indexed and on file in the office of the Prothonotary of Philadelphia and the office of Secretary of the Commonwealth with no notice of satisfaction or termination even though they had lapsed. The presence of a lapsed filing statement only gives notice that at one time there was a security interest in the goods, not that there is one presently. Since the filing has been permitted to lapse, it would be reasonable to assume that the consigned goods have been sold or returned, or that the consignment has in some way ceased. Therefore, the presence of the lapsed filing notice does not give notice to creditors.[4]

Quaker and its predecessors in interest have also not complied with the filing provisions of Division 9 [U.C.C. Article 9] under subsection (c)(3). PVC and VLC did file financing statements in accordance with Pa.Stat.Ann. 12A § 9–403.[5] The maturity date on those statements, however, was noted as "within three years." Pa.Stat.Ann. 12A § 9–403(2) states in pertinent part:

> A filed financing statement which states a maturity date of the obligation secured of five years or less is effective until such maturity date and thereafter for a period of sixty days. Any other filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of such sixty day period after a stated maturity date or on the expiration of such five year period, as the case may be, unless a continuation statement is filed prior to the lapse.

"Within three years" is clearly a maturity date less than five years. Therefore, since neither VLC nor Quaker filed timely continuation statements, their security interest in the consigned goods terminated three years and 60 days after the last filing on December 4, 1978. Since this lapse was prior to Wicaco's petition in bankruptcy, these financing statements do not protect Quaker's interest in the consigned goods under 13 Pa.Cons.Stat.Ann. § 2326(c)(3).

Accordingly, the order of the Bankruptcy Court denying Quaker the right to reclaim the goods will be affirmed.

---

**4.** Quaker argues that to prevent its recovery in this case would grant preferences to creditors who had knowledge of the consignment. Quaker cites *GBS Meat Industry, PTY, LTD. v. Kress-Dobkin Co., et al.,* 474 F.Supp. 1357 (D.C.W.D.Pa.1973) for the proposition that a consignor should prevail over a secured creditor who has actual knowledge of the consignment. That case is inapposite for two reasons. First the court there was only determining the rights in the consigned property between the consignor and one knowledgeable creditor in a conversion case. This case not only involves knowledgeable creditors but also those who had no notice. Therefore, it is not just a question of chosing between a creditor with notice and the consignor. Second, any analysis of U.C.C. 2–326 in that case is mere dicta since the case was decided on purely procedural grounds.

**5.** This statute has been subsequently repealed and reenacted with amendments as 13 Pa.Cons.Stat.Ann. § 9403.