**In re BRI CORPORATION d/b/a Jo Harper, The Great Factory Store and GFS for Men, Debtor.**

**Bankruptcy No. 85–05379T.**

United States Bankruptcy Court, E.D. Pennsylvania.

July 18, 1988.

Kenneth F. Carobus, Morris & Adelman, Philadelphia, Pa., for O/H Sportswear, Inc.

Alan Dubroff, Pincus, Bressler, Hahn & Weinberg, Philadelphia, Pa., for debtor.

Alan M. Seltzer, Ryan, Russell & McConaghy, Reading, Pa., trustee.

Charles Phillips, Mogel, Speidel, Bobb & Kershner, Reading, Pa., for trustee.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before the court is a motion filed by debtor, BRI Corporation, d/b/a Jo Harper, The Great Factory Store and GFS for Men ("debtor"), to reduce the proof of claim filed by O/H Sportswear, Inc.

("O/H") from $67,528.41 to $45,691.41. O/H filed an objection to debtor's motion, contending that it has priority to the proceeds from the clothing it supplied to debtor for sale as a consignment creditor. Accordingly, the parties request that we also determine the priority of O/H's claim as a consignment creditor vis-a-vis the trustee under 11 U.S.C. § 544(a)(1).[1] For the reasons set forth hereafter, we conclude that O/H holds a valid unsecured claim in the amount of $67,528.41 which lacks priority over the trustee's rights under 11 U.S.C. § 544(a)(1) and the rights of the other unsecured creditors. A brief summary of the pertinent facts follows.

Debtor was a retailer of clothing and other apparel and operated several retail stores. O/H is a designer and manufacturer of clothing. O/H supplied debtor with articles of clothing for sale. Although no written agreement was executed by debtor and O/H, the parties conducted their business relationship on a consignment basis, subject to the tacit understanding that if the articles of clothing supplied to debtor by O/H were sold by debtor, O/H would receive a percentage of the proceeds while debtor would retain the remainder of the proceeds. On the other hand, if debtor was unable to sell the goods they would be returned to O/H and debtor would owe no money to O/H (Notes of Testimony, December 17, 1987 ("N.T.") at 4, 5, 16, 18).

We shall first address debtor's contention that O/H's proof of claim should be reduced from $67,528.41 to $45,691.41. Debtor argues that the clothing supplied to it by O/H was sold at a markdown price rather than the original price. Therefore, debtor maintains that O/H is entitled to $45,691.41, which represents O/H's share of the proceeds based upon the markdown price, rather than $67,528.41, the amount which would have been owed to O/H had the clothing been sold at the original price. O/H does not appear to contest the fact

1. This case was originally commenced under chapter 11 of the Bankruptcy Code, but was converted to chapter 7 by Order dated March 8, 1988. A trustee was appointed on March 10, 1988. Of course, neither the conversion to chapter 7 nor the appointment of a trustee affect the outcome of this case since debtor would have been given the rights of a trustee under 11 U.S.C. § 544 had the case remained in chapter 11 and a trustee not been appointed. 11 U.S.C. § 1107.

that the clothing in question was sold by debtor at a markdown price. However, O/H maintains that the parties' unwritten agreement contemplated a markdown only if O/H first approved the markdown. Since O/H claims that it never approved the markdown, O/H maintains that it is entitled to $67,528.41.

■ It is well established that a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f); 11 U.S.C. § 502(a). Hence, the party objecting to the claim, in this case debtor, bears the initial burden of producing evidence to defeat the claim. The ultimate burden of persuasion, however, remains with the claimant, in this case O/H, to prove its case by a preponderance of the evidence. *In re Lewis*, 80 B.R. 39 (Bankr. E.D.Pa.1987); *In re Rabzak*, 79 B.R. 960 (Bankr.E.D.Pa., 1987); *In re Gourmet Gallery*, 27 B.R. 912, B.L.D. para. 69,115 (Bankr.E.D.Pa.1983); 3 *Collier on Bankruptcy* para. 502.02 (15th Ed.1988).

■ We find that O/H has met its burden of persuading us that it has a valid unsecured claim against debtor in the amount of $67,528.41. A review of the record reveals that although debtor presented evidence that the clothing supplied to it by O/H was sold at a markdown price (N.T. at 10), O/H presented convincing evidence of the parties' unwritten agreement that a markdown could only occur if O/H consented thereto. (N.T. at 17). Furthermore, O/H presented credible evidence that it never approved or consented to the markdowns in question (N.T. at 13, 14, 22) and debtor's witness testified that debtor had no record of O/H's approval or disapproval of the markdowns in their files. (N.T. at 11). Accordingly, debtor's motion to reduce O/H's proof of claim is denied.

■ We next address the issue of O/H's status as a consignment creditor. Our analysis focuses upon Section 2326 of the Uniform Commercial Code ("U.C.C.") (13 Pa.C.S.A. 2326, which states, in pertinent part, as follows:

§ 2326. Sale on approval and sale or return; consignment sales and rights of creditors

(a) Definitions.—Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is:

(1) a "sale on approval" if the goods are delivered primarily for use; and

(2) a "sale or return" if the goods are delivered primarily for resale.

(b) Rights of creditors of buyer generally.—Except as provided in subsection (c), goods held on approval are not subject to the claims of the creditors of the buyer until acceptance; goods held on sale or return are subject to such claims while in the possession of the buyer.

(c) Consignment sales.—Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as "on consignment" or "on memorandum." However, this subsection is not applicable if the person making delivery:

(1) complies with an applicable law providing for the interest of a consignor or the like to be evidenced by a sign;

(2) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others; or

(3) complies with the filing provisions of Division 9 (relating to secured transactions).

\* \* \* \* \* \*

Act of Nov. 1, 1979, P.L. 255, No. 86, § 1, 13 Pa.C.S.A. 2326.

Initially, we note that since debtor maintained a place of business at which it dealt in goods of the kind consigned by O/H,

under a name other than the name of O/H, Section 2326(c) of the U.C.C. applies.[2] Accordingly, unless O/H can meet its burden of proving that it falls within one of the exceptions listed in Section 2326(c), the consigned goods and the proceeds thereof will be subject to the claims of debtor's creditors and the trustee under 11 U.S.C. § 544(a)(1)[3] and O/H's claim to priority status will be defeated.[4] *Quaker City Iron Works, Inc. v. Ganz (In re The Wicaco Machine Corporation)*, 49 B.R. 340 (E.D.Pa.1984), *aff'd without opinion*, 770 F.2d 1074 (3rd Cir.1985); *Windsor Communications Group, Inc. v. Freedom Greeting Card Co., Inc. (In re Windsor Communications Group, Inc.)*, 63 B.R. 767 (Bankr.E.D.Pa.1986), *rev'd on other grounds*, 63 B.R. 770 (E.D.Pa.1986); *Makoroff v. Butler Tire Center (In re Castle Tire Center, Inc.)*, 56 B.R. 180 (Bankr.W.D. Pa.1986); *Quaker City Iron Works, Inc. v. Ganz (In re The Wicaco Machine Corporation)*, 37 B.R. 463 (Bankr.E.D.Pa.1984), *aff'd*, 49 B.R. 340 (E.D.Pa.1984), *aff'd without opinion*, 770 F.2d 1074 (3rd Cir.1985); *Emerson Quiet Kool Corporation v. Marta Group, Inc., (In re Marta Group, Inc.)*, 33 B.R. 634 (Bankr.E.D.Pa.1983); *Star Furniture Warehouse, Inc. v. Marcoly (In re Marcoly)*, 32 B.R. 423 (Bankr.W.D.Pa. 1983); *North Star Diamond Company v. Brusich & St. Pedro Jewelers, Inc. (In re Brusich & St. Pedro Jewelers, Inc.)*, 28 B.R. 545 (Bankr.E.D.Pa.1983); *Koenig Incorporated v. Ateco Equipment, Inc. (In re Ateco Equipment, Inc.)*, 17 B.R. 230 (Bankr.W.D.Pa.1982); *Harker v. Dauphin Deposit Bank and Trust Co. (In re E.G. Hoover Co., Inc.)*, 16 B.R. 435 (Bankr.M.D. Pa.1982). Moreover, all reasonable doubts regarding the nature of the parties' transaction must be resolved against O/H and in favor of debtor's unsecured creditors. *In re Castle Tire Center, Inc., supra*, 56 B.R. at 183; *In re The Wicaco Machine Corporation, supra*, 37 B.R. at 465; 13 Pa.C.S.A. 2326, comment 2.

Turning to the exceptions outlined in Section 2326(c) of the U.C.C., we note that O/H does not contend that it complied with an applicable sign law[5] or that it complied with the filing provisions of Article 9 of the U.C.C. Hence, neither Section 2326(c)(1) nor (3) are at issue in this case. Rather, O/H posits that debtor was generally known by his creditors to be substantially engaged in selling the goods of others. Accordingly, O/H maintains that it has priority to the proceeds from the sale of the clothing pursuant to Section 2326(c)(2) of the U.C.C.

The burden of proving compliance with one of the exceptions outlined in Section

---

**2.** At this juncture, it bears mentioning that two of the cases cited by O/H in support of its claim to priority status, *Allsop v. Ernst (In re Roudebush)*, 20 B.R. 627 (Bankr.S.D.Oh.1982), and *Manger v. Davis*, 619 P.2d 687, 30 U.C.C.Rep. 515 (Utah Sup.Ct.1980), are clearly and easily distinguishable from the facts presently before us, since in both *Roudebush* and *Manger,* the courts found that the consignees had not maintained places of business at which they dealt in goods of the kind consigned. Therefore, Section 2326(c) of the U.C.C. did not apply in those cases.

**3.** 11 U.S.C. § 544(a)(1) confers upon the trustee the status, rights and powers of a judicial lien creditor and enables the trustee to avoid any transfer that would be avoidable by a judicial lien creditor. As such, the trustee has the power to prevail over creditors with unperfected security interests and unsecured claims. Therefore, unless O/H can establish that it protected its interests in the consigned goods and proceeds thereof by complying with one of the

provisions outlined in Section 2326(c) of the U.C.C., O/H will be relegated to the status of an unsecured creditor and the trustee will prevail over O/H's claim. *See Harker v. Dauphin Deposit Bank and Trust Co. (In re E.G. Hoover Co., Inc.)*, 16 B.R. 435 (Bankr.M.D.Pa.1982).

**4.** Prior to the widespread adoption of the U.C.C., title to consigned goods remained with the consignor, and, hence, the consigned goods were not subject to the claims of the consignee's creditors or the trustee while in the possession of the consignee. 4 *Collier On Bankruptcy* para. 541.-08(2) (15th Ed.1988). As a review of Section 2326(c) of the U.C.C. reveals, the U.C.C. substantially changes this result in circumstances where the consignee maintains a place of business at which he deals in goods of the kind consigned under a name other than the name of the consignor.

**5.** In fact, no such law exists in the Commonwealth of Pennsylvania. *In re The Wicaco Machine Corporation, supra*, 49 B.R. at 343.

2326(c) of the U.C.C. is on the consignor.[6] *In re The Wicaco Machine Corporation, supra,* 49 B.R. at 344; *In re Castle Tire Center, Inc., supra,* 56 B.R. at 183; *In re The Wicaco Machine Corporation, supra,* 37 B.R. at 466; *In re Brusich & St. Pedro Jewelers, Inc., supra,* 28 B.R. at 548. With regard to Section 2326(c)(2), our District Court has held that the consignor has the "burden of establishing that an important part of [the consignee's] business was selling the goods of others and that this fact was known as a rule by its creditors." *In re The Wicaco Machine Corporation, supra,* 49 B.R. at 344. In *Wicaco,* our District Court found that the consignor failed to meet this burden when it was unable to establish that *most* of the consignee's creditors knew of the consignee's consignment practice. *Id. See also In re E.G. Hoover Co., Inc., supra,* 16 B.R. at 437.

Likewise, after reviewing the transcript in the case presently before us, we conclude that O/H failed to meet its burden of establishing that debtor was generally known by his creditors to be substantially engaged in selling the goods of others. The only evidence presented at the hearing which bears some relevance to this issue was that approximately 250 of debtor's suppliers (which numbered approximately 600) provided goods to debtor on a consignment basis (N.T. at 6, 10). Although this may indicate that *some* (but not *most*) of debtor's *suppliers* tendered goods to debtor on a consignment basis, and therefore *perhaps* one could infer that these consignment *suppliers* knew that debtor was substantially engaged in selling the goods of others, this does not prove that *most* of debtor's *creditors* knew that debtor was substantially engaged in selling the goods of others.[7] To the contrary, no evidence was presented by O/H to establish the number of creditors (aside from suppliers) that existed or the number of those creditors who knew that debtor was substantial-

ly engaged in selling consigned goods. Based on the paucity of evidence introduced by O/H on the Section 2326(c)(2) issue, we conclude that O/H has failed to meet its burden of establishing that debtor was generally known by its creditors to be substantially engaged in selling the goods of others. Accordingly, the clothing supplied by O/H to debtor, and the proceeds thereof, are subject to the claims of debtor's creditors under Section 2326(c) of the U.C.C. As such, O/H's status is that of an unsecured creditor and O/H can not be given priority over the rights of debtor's other unsecured creditors. To the contrary, O/H's claim is subordinate to the rights of the trustee under 11 U.S.C. § 544(a)(1). *See In re Ateco Equipment, Inc., supra,* 17 B.R. at 235–236; *In re E.G. Hoover Co., Inc., supra,* 16 B.R. at 438.

An appropriate order will follow.

## ORDER

AND NOW, this 18th day of July, 1988, it is hereby ORDERED that the Motion filed by Debtor, BRI Corporation, d/b/a Jo Harper, The Great Factory Store and GFS For Men, to reduce the proof of claim filed by O/H Sportswear, Inc. is denied and we find that O/H Sportswear, Inc. has a valid unsecured claim against debtor in the amount of $67,528.41 which is subordinate to the rights of the trustee under 11 U.S.C. § 544(a)(1).

---

**6.** At the hearing, O/H attempted to shift the blame for noncompliance with Article 9 of the U.C.C. on debtor by arguing that debtor never delivered the U.C.C. financing statements to O/H. We find this argument unconvincing since it is clear that the burden of complying with Article 9 is unequivocally placed on the consignor under Section 2326(c) of the U.C.C.

**7.** In fact, a review of debtor's schedules reveals that at the time it filed its chapter 11 petition, debtor had a substantial number of unsecured creditors who were not suppliers of clothing.