In re WALL TO WALL SOUND
& VIDEO, INC., Debtor.

Bankruptcy No. 90-21761T.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 5, 1993.

Michael A. Bloom, Morgan, Lewis &
Bockius, Philadelphia, PA, for Objector, Official Committee of Unsecured Creditors.

Steven D. Usdin, Adelman, Lavine, Gold
& Levin, Philadelphia, PA, for debtor.

John D. McLaughlin, Jr., Asst. U.S.
Trustee Philadelphia, PA.

Stephen M. Lyons, III, Reed, Smith,
Shaw & McClay, Philadelphia, PA, for Jerome Shulman and Lee Swede.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Chief
Judge.

At issue before the Court are Proofs of Claim Numbers 276 and 277 which were filed in the above case by Jerome Shulman and Lee Swede, respectively, to which objections have been filed by the Official Committee of Unsecured Creditors. Claim number 276 is in the amount of $300,000.00 and claim number 277 is in the amount of $100,000.00. In all other respects, the claims are identical and are based on the same facts and law. The objections are also identical as to both claims. The parties agreed by stipulation to have the validity of the claims determined by submission to the Court of depositions and written memoranda. For reasons set forth hereafter, we hold that Proofs of Claim Numbers 276 and 277 are disallowed. A brief summary of the facts follows.

Claimant Jerome Shulman was the Chief Executive Officer, Chairman of the Board, President and principal shareholder of the debtor, Wall to Wall Sound & Video, Inc. ("the debtor"). Claimant Lee Swede was Executive Vice President, Secretary, Treasurer, Director and a principal shareholder of the debtor. The debtor made an initial public offering of its stock in 1985, in which the debtor sold 300,000 shares of stock, Mr. Shulman sold approximately

665,000 of his shares and Mr. Swede sold approximately 220,000 of his shares. The initial price to the public was $14.50 per share. This offering was accompanied by a Form S–1 Registration Statement signed by claimants and other related documents required by the Securities and Exchange Commission. Mr. Swede repurchased approximately 400,508 shares in September, 1986, at $5.00 per share.

On September 18, 1986, a shareholder named Sam T. Waldner, Jr., filed a class action lawsuit against the debtor, the claimants, debtor's accountants, Ernst and Whinney, and Prudential–Bache Securities, the lead underwriters for debtor's stock offering. The basic questions of law involved in the complaint related to whether the defendants had made material misstatements of facts on their prospectus and whether they had violated Section 11 of the Securities Act and Section 10(b) of the Exchange Act. On December 22, 1986, another shareholder made a demand on the Board of the debtor to take action against Mr. Shulman and other persons responsible for causing the debtor to issue a false and misleading prospectus, alleging injury due to the class action and Mr. Shulman's repurchase of the devalued stock. This stockholder entered into a tolling agreement with the claimants and debtor pending the outcome of the class action suit.

On January 19, 1989, the class action was settled by an agreement signed by all parties which provided for Mr. Shulman to pay $300,000.00, Mr. Swede to pay $100,000.00 and the debtor to pay up to $25,000.00 in administering the fund. The remaining defendants did not agree to pay any amount. This agreement was approved by the Court and judgment was entered on July 28, 1989. The judgment was paid in accordance with the settlement agreement. The shareholder demand against Mr. Shulman was withdrawn. The debtor filed a chapter 11 petition in bankruptcy on July 20, 1990. Claimants filed their claims and the Committee filed its objections in a timely fashion.

■ A properly executed and timely filed proof of claim constitutes prima facie evidence of the validity and amount of the claim. Bankruptcy Rule 3001(f); 11 U.S.C. § 502(a). "The ultimate burden of persuasion, however, remains with the claimant, ... to prove its case by a preponderance of the evidence." *In re BRI Corp.*, 88 B.R. 71, 73 (Bankr.E.D.Pa.1988). In the instant case, claimants rely on a right to indemnification by the debtor under its by-laws or in the alternative, on a right to contribution. The indemnification provisions in debtor's by-laws relied upon by claimants are part of an amendment passed by the Board in 1987 after the Pennsylvania Corporation Law was amended at 42 Pa.C.S. §§ 8361–8367 to provide for broader indemnification powers. Exhibit P–6, which includes the proposal to amend the by-laws to expand indemnification rights specifically states at page 9:

Accordingly, the proposed amendment will not eliminate the personal monetary liability, if any, of Messrs. Shulman and Swede for the acts and omissions alleged in the class action suit currently pending against them and certain others, in the shareholder demand threatened against them or in any other action which may be brought based on the facts alleged in the class action suit or the shareholders demand.

Moreover, the provisions adopted by the Board in 1987 state at Section 5.4(d):

No indemnification under Section 5.2 ... shall be provided ... (d) for any threatened, pending or completed action, suit or proceeding without the written consent of the corporation, which written consent shall not be unreasonably withheld.

It seems clear that the amendments were not intended to relate back to the conduct and resulting liability which had lead to the class action suit and threatened shareholders derivative action pending at the time that the amendments were adopted. In addition, even if the amendments could be construed to cover losses incurred by the directors as a result of the two suits in progress, the written consent of the Board is required.

702

Mr. Swede testified that he did not receive a written consent or agreement on the part of the debtor to reimburse him for the amount which he had paid in settlement of the class action suit. N.T. at 104. Mr. Shulman testified that there are no written board resolutions authorizing the company to reimburse him for the amount which he had paid in settlement of the class action suit. N.T. at 133. Absent any written modification, the parties are bound by the settlement agreement which states:

> Subject to and in accord with the provisions of this settlement agreement, Shulman and Swede agree, in compromise and full satisfaction of all individual claims, class claims and released claims against defendants ... to pay the sum of Four Hundred Thousand Dollars ($400,-000.00) (settlement fund). Exhibit P–4 at 8.

It is well established that "motivations or mental reservations cannot affect a written agreement. If they were permitted to do so, a written agreement would be worthless and the source of much litigation." *Zapanta v. Isoldi*, 212 N.J.Super 678, 687, 515 A.2d 1298 (1986), *Nevets C.M., Inc. v. Nissho Iwai American Corporation*, 726 F.Supp. 525, 534 (1989). Claimants have asserted a right to indemnification but have presented no evidence to justify their claims.

 The second theory that claimants have advanced for recovery of their settlement costs in that of contribution. The settlement agreement was the appropriate vehicle for the proper allocation of the amount to be paid by each party. The settlement agreement was signed by both claimants and under these circumstances "there should be no contribution problem because the settlement will normally provide the amount to be paid by each person" and no contribution claims would be expected. Comment, *Contribution Under the Federal Security Laws*, 1975 Wash. U.L.Q. at 1292, n. 207. In addition, claimants' Exhibit B, a memorandum prepared by Charles F. Dombowski, debtor's chief financial officer, demonstrates that claimants took into consideration tax benefits as well as the goal of "limiting exposure to future litigation which could arise if individuals who benefitted from the public offering did not contribute to the settlement." Debtor's Form 10–K filing for 1989 states that the class action suit "has been settled ... without material liability to the company." Exhibit CC–A at 138. The shareholder demand against Mr. Shulman was dropped "in view of the settlement of the class action litigation." Exhibit CC–4 at 14. Claimants benefitted from the settlement of the litigation and are estopped under principles of equity from asserting a right to contribution after other parties relied upon their accepting the responsibility for the cost of the settlement.

An appropriate order will follow.